(Common Pleas, Cuyahoga County.)

GILES E. MYERS v. MARGARET MYERS.

1. Where in a decree of divorce and alimony, the defendant is ordered to pay $450.00 alimony, payable in monthly installments of $15.00 each until fully paid, such decree for alimony is not a final judgment in the case, but it is an order of the court that the plaintiff pay $15.00 per month until the sum of $450.00 has been paid, and a failure on part of the defendant to comply with such order is a contempt of court, for which proper proceedings will lie.

2. Distinction between judgment and order of the court—A judgment in Ohio, and under our practice, is the final determination of the rights of the parties in action. An order of the court is a direction by the court or judge made or entered in writing, and not included in a judgment.

(Decided June, 1896.)

ONG, J.

The case of Giles E. Myers against Margaret Myers, is a matter before the court on an agreed statement of facts, which in brief and in substance is as follows:

On the 26th day of September, 1893, the plaintiff filed his petition in this court asking for a divorce from the defendant. On the 6th day of October, 1893, the defendant

filed her answer, and afterwards, on the 23d day of October, A. D. 1893, the defendant filed the amended answer and cross-petition in the cause, asking for alimony. An order was made in the case allowing alimony pendente lite. On the 24th day of May, 1895, the case was heard. and on the 13th day of July, 1895, the following decree was entered:

"This day came the parties to this action, and leave was given the plaintiff to dismiss her petition herein. It was therefore ordered that plaintiff's petition for divorce be dismissed without prejudice to a future action. And thereupon this cause was heard on the amended answer and cross-petition of the defendant, Margaret Myers, and the evidence; on consideration whereof the court finds the parties at the time of the commencement of this action had been residents of the State of Ohio for more than one year next preceding the same, and were at the time, bona fide residents of the county of Cuyahoga in said State, and that on the 27th day of December, 1892, they were married, as alleged in said amended answer and cross-petition.

"The court further finds upon the cross-petition and the evidence adduced by the parties, that the plaintiff, Giles E. Myers, has been guilty of gross neglect of duty towards defendant, and that he abandoned the defendant without good cause, as in said cross-petition alleged, and by reason thereof the defendant is entitled to alimony out of the estate of the said plaintiff, Giles E. Myers, for her support and maintenance.

"It is therefore ordered and ajudged that the plaintiff pay to the defendant as her reasonable alimony, in money, the sum of four hundred and fifty dollars, payable at the rate of fifteen dollars per month until paid, $15.00 to be paid on the first day of July, 1895, and $15.00 on the first of each and every month thereafter until said sum of $450.00 is fully paid, and in default of any such payment for the period of five days execution is allowed to issue therefor.

"It is further considered and adjudged that the defendant recover from the plaintiff her costs herein to be taxed. Judgment is rendered against the plaintiff for his costs herein."

On the 15th day of September, 1895, by the consideration of the court of common pleas of Hardin county, Ohio, the defendant was granted a divorce from the plaintiff on a petition filed in said court by the defendant, Margaret Myers, and was by the court restored to her former name, and the plaintiff in this action was barred from all dower in and to a lot located in Kenton, Ohio, of which the defendant was the owner.

A motion is now made by the defendant in this action asking that the plaintiff be required to appear before the court and show cause why he should not be punished for contempt of court in failing, neglecting and refusing to comply with the order of the court by the payment of the respective sums of money named in the decree, to wit,

$15.00 per month, until the $450.00 shall have been paid.

The question presented therefore by the motion is, as to the court's power to punish as for contempt the neglect and refusal of the plaintiff to comply with the order of the court in that regard.

I had occasion, two years ago, whilst presiding in this room, in the case of Hart v. Hart, reported in the 1st Vol. of the Nisi Prius Reports of Ohio, to very thoroughly examine the question as to the power and right of the court to punish for contempt where the defendant in a divorce case neglected and refused to pay the judgment awarded the plaintiff for alimony.; and after an exhaustive examination and consideration of the question as I was capable of giving to it, I held that where a money judgment for alimony was rendered in favor of a party in gross, that such proceeding could not be maintained, and could not be maintained for the reason that when a judgment was rendered and the term closed, the court lost jurisdiction of the parties, the judgment being a final determination of the matters in controversy between the parties, and that the motion to punish for contempt was not the proper proceeding, but rather one in aid of execution to collect the judgment.

It will be observed, however, that in this case, unlike that of Hart v. Hart, there is no judgment here in gross, but it is an order of the court that the plaintiff pay $15.00 per month until the sum of $450.00 has been paid. If the journal entry in this case, or the judgment as I have said was for a gross sum, payable at once, and upon which an execution might be issued, its payment could not be enforced by a contempt proceeding. If, however. it is not a judgment, but an order of the court, then, I think, it is well settled by the weight of authorities that a person may be proceeded against and punished for a contempt of the disobedience of any order of the court legally and lawfully made.

And that brings us in this case to the consideration of the question as to whether or not the journal entry in this case shows an order on the part of the court, or a judgment. A judgment in Ohio, and under our practice, is the final determination of the rights of the parties in action. An order of the court is a direction by the court or judge made or entered in writing, and not included in a judgment.

Again, if this is an order or direction of the court, then, until it has been fully complied with, the court does have jurisdiction not only at the terms at which said order was made, but all after terms of the court, until compliance with the order is had by the party performing the same, against whom it is made and entered.

The court in this case, by its decree, provided that: "It was ordered and adjudged that the plaintiff pay to the defendant. as her reasonable alimony, in money, the sum of $450.00." If the journal entry had added there "for which judgment is rendered,"

the finding of the court would have been a judgment for that amount of money in gross; but it did not so find, and did not end there, but added thereto the words "payable at the rate of $15.00 per month until paid; $15.00 to be paid on the first day of July, 1895, and $15.00 on the first day of each and every month thereafter until said sum of $450.00 is fully paid." It will be observed at a glance, by the reading of the journal entry, that it was not the intention, nor did the court render a final judgment in gross for the sum of $450.00, but did direct and order that the plaintiff pay $15.00 per month, commencing at the time named, until he had paid the sum of $450.00. It is true that the journal entry said that in default of any such payment for the period of five days, execution is allowed to issue therefor. But that is merely superfluous.

This being true, and it being the opinion of the court that it was not a judgment in gross, but a direction or order of the court, to be obeyed and complied with by the plaintiff, that in view of his neglect to obey and refusal to comply with the order of the court, it is within the province and power of the court to require him to show cause why he should not be punished for contempt and upon his failing to show cause, that he should be punished and committed to the jail of the county until he does comply with the order of the court so made; or, in other words, we hold that contempt proceedings will lie in this cause to compel the payment of the installments of alimony ordered to be paid by the court.

The motion therefore, requiring the plaintiff to appear and show cause why he should not be proceeded against, as for contempt of the court, will be granted.