(Cuyahoga County Common Pleas.)
March, 1901.

## JAMES T. SARGENT v. ADALINE SARGENT.

Where the decree for alimony is one that is subject to modification, it is not a fixed liability absoluetly owing at the time of filing the petition, and therefore is not provable and is not releasable in bankruptcy. But where the decree is of a kind or form that makes it absolute, then it is a fixed liability absolutely owing, and would be discharged by a discharge in bankruptcy.

Where a decree for alimoney is an adoption of an agreement between the parties, it is not the judgment of the court based upon evidence, but it is simply the agreement of the parties carried into the decree; it is final, and may not be modified by the court hereafter.

Oral evdence can not be admitted for the purpose of determining whether a decree for alimony was based upon the evidence heard in the case, or, based upon an agreement of the parties.

----

On motion requiring the plaintiff to show cause, etc.

PHILLIPS, J.

The case of Sargent v. Sargent was a divorce and alimony case, in which the plaintiff was divorced and the defendant given alimony, part of which is unpaid. There is an application to require the plaintiff to show cause why he should not be attached for non-payment of alimony. This case was submitted some days ago; it presents as the ultimate question, the question whether a discharge in bankruptcy releases a decree for alimony. This plaintiff, after this decree, filed the petition in bankruptcy, and was in due course of procedure discharged; and he defends against this application to show cause by asserting his discharge in bankruptcy. If that decree has been discharged, of course he is not liable to attachment; if it has not been, the obligation still rests upon him, and, so far as any defense has been made to this application it should be granted. I will not take the time to refer to any authorities. A great many were cited in the argument. The case .was heard upon evidence.

The general rule is, that a decree for alimony is subject to modification by the court at any time before it has been satisfied, on any ground subsequently arising that requires or justifies its modification. It may be increased, it may be diminished, it may be taken away entirely, and so on; the decree is ambulatory so long as it remains unsatisfied. That is safely so where the alimony is payable in installments—where there is some conflict, I think it is so where the alimony is payable *in solido*. But that is the general rule and well settled.

It has been held, with a degree of uniformity, that such decree for alimony, that is, ambulatory, is not released by discharge in bankruptcy. The Bankrupt law, section 17, provides that the discharge in bankruptcy shall release the bankrupt from all his provable debts, and section 63 provides what debts of the bankrupt are provable in bankruptcy. It says, that a fixed liability absolutely owing at the time of filing the petition may be so proved, and of course he would then be released. As I have said, where the decree is one that is subject to modification, it has been held with a degree of uniformity that it is not a fixed liability absolutely owing at the time of filing the petition, and therefore is not provable and is not releasable.

It has also been held that where the decree is of a kind or form that makes it absolute, then it is a fixed liability absolutely owing, and would be discharged by a discharge in bankruptcy. So that the question in which this contest was made was as to whether or not this decree was of a character that, under those rules, would be released by the discharge in bankruptcy.

Now the decree is in the ordinary form. The plaintiff was ordered to pay the defendant $75.00 a month until the sum of $3,000.00 should be paid. So far as the form of it is concerned, the decree would be subject to modification by the court; there would not be a fixed liability absolutely owing.

But it was offered upon the hearing of the case to prove *aliunde* that the decree was an adoption by the court of a written agreement between the parties, by agreement of the parties. It is well settled, that where the decree for alimony is an adoption of an agreement between the parties, it is not the judgment of the court based upon evidence, but it is simply the agreement of the parties carried into the decree; that then is final; that it is not conflicting and may not be modified by the court thereafter.

Question was made whether the court could hear oral evidence for the purpose of determining whether this decree was based upon the evidence, or, was based upon an agreement of the parties, and although I took a little time at the noon hour to look that question up—I looked it up a little at the time and found nothing that was very satisfactory, but I concluded to admit the oral evidence. Upon that evidence I should find, that this decree was the adoption by the court of an agreement between

the parties. There was some question as to whether or not Mrs. Sargent ever consented to this agreement that went into this decree.

But the Julier case, a case from this county, reported in 62 Ohio St., puts at rest that matter under the evidence here; because the evidence here clearly shows that Mr. Henderson, her attorney, was fully authorized by her to make the best arrangement he could for alimony; and the Julier case shows that such authority of the attorney authorizing him to make an agreement as to alimony, and that binds his client, although the client did not know of the agreement or what it was until some time afterwards. And in the Julier case that even went so far as to release her dower interest. It is a very strong case upon that question. It was not cited in argument.

I need not comment upon the evidence; I have stated what I think the evidence shows as to whether or not the decree was an adoption of an agreement between the parties. But I have discovered in the consideration of the case since submitted, a decision in the 11 Ohio St., that satisfies me that admission of the oral testimony as to the basis of the decree was error. If I had had this decision before me at the time I should have excluded the testimony.

The doctrine of the case is stated in the *syllabus* and also in the opinion, and I read from the opinion, page 596; the case begins on page 593:

—"First, as to the agreement to stay execution.

This agreement is stated to have been made prior to and contemporaneous with the rendition or the judgment, and as an inducement to Gold to forego any defense; but it is not averred, nor is it pretended, that it was incorporated in the judgment, or enterred upon the minutes of the court."

Just as the evidence shows this agreement to have been. An agreement was made prior to the divorce case, and it was not carried into the decree, although the decree followed the agreement, and I am satisfied from the evidence that it was an adoption of it. But the agreement was not incorporated into the record, or any reference made to it. So far as the record shows, the decree may have been based upon agreement or may have been based upon evidence. The presumption may be, I think, that it was based upon evidence upon the hearing of the case.

"The judgment, then, as shown by the record, carried with it an immediate right to execution to enforce its payment; and the first question is, whether any such averments or proof, restricting the force and legal effect of a judgment, by matters transpiring before its rendition, and existing only in parol, can lay the foundation, at law or in equity, to prevent the issuance or procure the recall of an execution issued thereon within said period of sixty days."

In this case, notwithstanding the agreement to stay execution, execution was issued, and, on resisting the execution this question arose.

"If it does not, it is clear that the plaintiff in error was not precluded, by such agreement, from issuing an execution upon the judgment at any time during such period, even though he might subject himself to an action by Gold for damages. That the legal effect of a judgment cannot be varied by proof, outside of the record, of facts transpiring prior to its rendition, is a proposition too well settled to require the citation of authorities to sustain it; and it is apparent, also, that the effort is made, in this petition, thus to vary and restrict the legal effect of the judgment, in favor of the plaintiff in error, by abridging one of its legal and principal incidents. If such an agreement was made, it should have been incorporated in the judgment, or enterred upon the minutes of the court; and in either event, the court would see it specifically performed." (Citing some cases.) "Where, however, it is not so entered upon the minutes, and is for a limited period only, it will not be specifically enforced, but the defendant will be left to his action upon the agreement.

"Sound policy, irrespective of the rights of parties will not permit averments or proof, *aliunde*, of matters prior to the judgment, to lessen its force, obligation or effect, especially in collateral proceedings. And we can see no good reason why an agreement to stay execution, but not entered upon the record, affecting as it does, the very life and vitality of the judgment, should form an exception to this salutary rule."

I think this case from which I have read is conclusive of this question that arose upon the offer of oral testimony to affect this decree. Now the effect of the oral testimony, if it should be given effect, would be to change the legal effect of that decree. Upon that decree, without such evidence, the defendant here is entitled to maintain this proceeding. It is an ambulatory decree; it is not discharged in bankruptcy, and the payment may be enforced in the manner attempted here. But the admission of the oral testimony would be to change that legal effect of the decree,—would take away from it one of its legal qualities and deprive the other party of at least one of her remedies upon that decree as it stands in the record.

This case that I have referred to has not been overruled or modified, and is the law today. I think it controls this question of evidence that arose at the hearing. But, in order that the parties may avail themselves of the evidence that has been offered, so that if a reviewing court should find that this oral evidence was admissible, they may then have the evidence before the reviewing court to see what the reviewing court may say as to the effect of that evidence, in order that the parties may have their co-rights in that regard, I will not exclude this evidence, but will let it stand, and let the ruling made as to its admission stand, but will hold upon the whole case that this defense fails, and that the defendant is entitled to an order on the plaintiff to show cause why he should not be attached. Then in a reviewing court, if I am wrong in regard to the admissibility or non-admissibility of this oral evidence, the parties will have the evidence there for review.

Counsel for plaintiff: Blandin, Rice & Ginn; counsel for defendant: Meyer & Mooney.