Matthias, J.
 

 The contention that the Court of Appeals did not have jurisdiction is based upon the claim that the petition in error was not filed within the statutory limitation and that there was a defect of parties.
 

 There is no foundation whatever for the claim first stated. It is true that motion for a new trial had been made following the award of alimony, and that it was overruled January 11, 1930. However, the validity of that order was not questioned and is not involved in this proceeding in error. The question there presented arose from the sale of lands to satisfy the award of alimony, and was considered and determined by the trial court subsequent to the consolidation of the two cases. Prior to that time there had been no issue as to the sale of lands to satisfy an alimony award, or as to the interest of Eeuben Pace in said land, and hence no decision of the court affecting same. The motion for a new trial of such issue was overruled December 13, 1930. It was from that ruling of the court of com
 
 *56
 
 mon pleas that error was prosecuted to the Court of Appeals. Coucededly the petition in error was filed within the required time thereafter.
 

 The real parties in interest in the injunction suit were Laura Pace and Reuben Pace. The sheriff, though a party, was not one of the “parties who are united in interest,” and therefore a failure to make him a party to the error proceeding would not require or warrant a dismissal of the action. The original action was one for alimony. Dora Beckley, who is the same person as Dora Maud Pace, whose name appears in the portion of the will set forth in the statement of facts, and her husband, Frank Beckley, were made parties defendant in that action, and they were charged in the petition with having disposed of certain personal property of plaintiff’s husband, and upon his direction, and an accounting therefor was sought; but that claim does not seem to have been considered by the court and no order of accounting or of any other character was made affecting either Dora Beckley or Frank Beckley. It is sufficient if all parties in interest in the judgment sought to be reversed are made parties in the error proceeding. When nothing is adjudged either for or against a party, it is not error to omit such party from proceedings in error.
 
 Roberts, Exr.,
 
 v.
 
 Roberts, Jr.,
 
 61 Ohio St., 96, 55 N. E., 411. These parties were in no sense united in interest, and the rule stated in
 
 Young
 
 v.
 
 Meyers, Jr., Exr.,
 
 124 Ohio St., 448, 179 N. E., 358, has no application to this case.
 

 The defendant below, Reuben Pace, was the real party in interest in the error proceeding. He sought the reversal of the action of the court of common pleas whereby his property was subjected to sale upon execution based upon an award of alimony. The Court of Appeals found against him on that contention, but further found that no interest in said land greater than an estate during his life was subject to sale upon
 
 *57
 
 such execution. Under the provisions of the will set forth, Reuben Pace tooh only a life estate in the land in question, coupled with the power to sell.
 
 Johnson
 
 v.
 
 Johnson,
 
 51 Ohio St., 446, 38 N. E., 61;
 
 Tax Commission
 
 v.
 
 Oswald, Exrx.,
 
 109 Ohio St., 36, 141 N. E., 678. It follows that the only interest in said real estate subject to levy to satisfy a judgment against Reuben Pace is his life estate.
 

 There was no error prejudicial to plaintiff in error, and the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Stephenson, JJ., concur.