## AUKLAND v AUKLAND

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3026.  Decided Nov. 9, 1939.

Horace S. Kerr, Columbus, for plaintiff-appellee.

Don H. Schneemilch, Columbus, for defendant-appellant.

### OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiff in her petition sought to recover a money judgment from the defendant predicated on an order allegedly made June 2, 1926, by the Court of Common Pleas of Union County, Ohio, in Cause No. 11396, in which the present plaintiff was plaintiff and the present defendant was defendant, ordering and directing the said Harry C. Aukland to pay to the plaintiff the sum of $12.00 every two weeks thereafter for the support and maintenance of Charles Richard Aukland and Paul Emerson Aukland, children of the parties.

462

The petition contains the further allegation that said order has not been modified or changed and that the defendant has failed to comply with said order and that there is due plaintiff from defendant upon said court order the sum of $4,000.00.

Defendant in his answer admits that on the second day of June, 1926, an order was made in the Court of Common Pleas of Union County, Ohio. in Case No. 11396, in which action Eva L. Aukland was plaintiff and Harry C. Aukland, defendant. Defendant's answer denies each and every other allegation of plaintiff's petition.

Jury was waived and by agreement of the parties, the cause submitted to the court. In the trial defendant introduced no testimony, the issues being presented through plaintiff's cross-examination of defendant, the testimony of plaintiff, certified copies of journal entry in Case No. 11396, of Union County, attached as an exhibit, and stipulations of counsel.

The certified copy of journal entry of the Union County Court, admitted under the pleadings to have been made June 2, 1926, omitting the formal parts, reads as follows:

"This cause this day coming on to be heard upon the petition and the evidence, the court finds that the defendant has been duly served with summons personally and that he is in default for demurrer or answer to said petition.

"The court further finds that the plaintiff was resident of the State of Ohio for more than a year prior to filing her petition, and had been a bona fide resident of the County of Union for more than thirty days prior to the time of filing the same. That the parties were married as alleged in the petition on the 21st day of February, 1917, and that two children, Charles Richard Aukland, aged 8 years on the 29th day of December, 1925, and Paul Emerson Aukland, aged 5 years on the 14th day of February, 1926, were born of the said marriage.

"That the defendant has been guilty of willful absence from the plaintiff for more than 3 years prior to the filing of the petition herein and that by reason thereof the plaintiff is entitled to a divorce.

"It is therefore adjudged and decreed that the marriage relation · subsisting between said parties be and hereby is dissolved, and both parties released from the obligation of the same.

"The Court further finds that the probate court of this county heretofore on the 20th day of March, 1923, made the following order. 'The court orders that said Harry Aukland, defendant, pay the sum of $12.00 every two weeks to be paid to the court, until further ordered by said court, for the support, care and maintenance of said children while under the custody of Eva, mother of said children.' It is agreed by the parties to this action that the payments stipulated and contained in said order to be paid to the clerk of court, instead of to said probate court and that the clerk of this court shall pay the same to the plaintiff, until further ordered by said probate court. It is further ordered that the plaintiff pay the costs of this action, taxed at $10.00. (Signed) Edward W. Porter, Judge. Richard L. Cameron, attorney for plaintiff, Milo L. Myers, attorney for defendant."

At the close of plaintiff's testimony, counsel for defendant introduced motion for a directed verdict, which was overruled, and defendant not desiring to present any additional testimony, the court found for the plaintiff in the sum of $1,442.00.

Motion for new trial was duly filed, argued, submitted and overruled, and judgment entered on the court's finding in the above amount, together with costs. Notice of appeal was duly filed.

The assignments of error contain eight separately numbered specifications, all of which are very general and follow the usual language contained in motions for new trial.

Counsel for appellee's brief recites the claimed errors under three issues, and in our discussion we will follow these rather than the specifications under the assignments of error.

## ISSUE No. 1.

This issue raises the question that the Court of Common Pleas of Franklin County, Ohio, had no jurisdiction to award a judgment to plaintiff for the following reasons:

That the Court of Common Pleas of Union County, Ohio, had no jurisdiction to make any order relative to the prior order of the Probate Court, for the reason that said Probate Court had previously acquired jurisdiction of the parties and subject matter and had journalized an order for the payment of support money for the minor children to the Probate Court until further ordered by said court, and therefore the reference to such order by the Union County Common Pleas Court was null and void.

In support of the above contention, counsel for plaintiff cites the case of **Addams v State, ex rel., 104 Oh St 475.**

In the cited case the sole and only question was whether or not where a court of competent jurisdiction in a divorce action, had made an order, continuing in character, as to custody of a minor child, a guardian subsequently appointed by the Probate Court was thereby empowered to determine the custody of such minor child. The Supreme Court reversed the lower courts in their findings in favor of the guardian. Syllabus 4 reads as follows:

"4. During such continuing jurisdiction other courts, whether inferior or superior, having concurrent jurisdiction of the custody of minor children, are by long and well-settled practice of this state denied the exercise of such jurisdiction."

While the cited case lays down a principle involving continuing orders, yet it is not determinative of the instant case for the reason of factual differences.

The case of **Gilbert v Gilbert, 83 Oh St 265,** is more nearly in point, and while 104 Oh St., **supra,** is later in point of time, no reference is made to 83 Oh St., **supra,** and we think the two cases are easily reconciled by reason of the difference in their facts.

In the Gilbert case, Mrs. Gilbert, through the consideration of the Court of Common Pleas of Cuyahoga County, in her action duly filed against her husband, Frederick G. Gilbert, the latter being served personally, obtained an order for the payment of alimony in the sum of $7.00 a week, which order was subsequently duly modified, wherein defendant was adjudged to pay alimony in the sum of $50.00 per month for and during the natural life of plaintiff. The defendant husband, after paying $80.00, left the State of Ohio and went to South Dakota. In May, 1903, the husband began an action for divorce against the plaintiff in the Circuit Court of South Dakota. Service was made on the wife by publication, and also by an attempted personal service of the summons and copy of complaint, at Cleveland, Ohio. The wife voluntarily appeared in the action in South Dakota and contested the husband's complaint. The wife in the South Dakota hearing asked for and was allowed permanent alimony in the sum of $30.00 per month, but the divorce was granted to the husband. Thereafter, the wife, Nellie A. Gilbert, brought action in the Common Pleas Court of Cuyahoga County, seeking to subject certain real estate recently inherited by the husband to the payment of the balance due from the accrued installments under the order originally made in the Cuyahoga County Court for alimony alone. The defendant resisted her action, setting up the proceedings in the Circuit Court of South Dakota, and final adjudication awarding the wife permanent alimony in the sum of $30.00 per month.

It was the holding of the Supreme Court that by voluntarily entering her appearance in the court in South Dakota and therein having adjudicated, the question of permanent alimony, she

lost her right further to prosecute for the recovery of unpaid installments under the original alimony action in Cuyahoga County.

Syllabus 1 reads as follows:

"Where a wife enters her appearance in a proceeding against her for divorce, in a court of another state, and asks for and is granted alimony in said proceeding, having set up therein, her rights under a prior decree for alimony payable in installments in a suit for alimony alone in a court of this state, she is bound by the decree of the foreign court and cannot afterwards maintain an action in this state to recover the unpaid installments under the prior decree."

This case differs from the instant case in that the divorce action was in another state, whereas in the instant case the divorce action was in the same county as that wherein the prior installment alimony order had been made.

It is our conclusion that the two cases may not be distinguished on this question alone.

The opinion by Johnson, J., in the Gilbert case will be found very interesting in its discussion of the varying rights and obligations of the parties in an alimony action alone and where divorce is granted in connection with alimony.

In the instant case the decree of divorce by the Common Pleas Court of Union County states that the defendant was in default for demurrer or answer to the petition. However, the entry adopts an agreement of the parties relative to the payment of alimony and through this the defendant submits himself to the jurisdiction of the Common Pleas Court. Just as in the Gilbert case, **supra,** he cannot now be heard to say that the ▆▆▆▆▆ Court of Common Pleas had no jurisdiction to make any order relative to alimony.

The Probate Court did not have a vested right when it made its order that could not be dissolved by action of the parties. The general rule providing that where two or more courts have jurisdiction, the one first taking jurisdiction thereby denies the right of other courts to take jurisdiction, is an essential rule in the interest of harmonizing the two. However, parties to the action may by their conduct waive and lose all rights thereunder.

A divorce action requires a further adjudication as to alimony and when granted following personal service voids a previous installment order for alimony alone. **Whitaker v Whitaker, 52 Oh Ap 223.**

ISSUE No. 2.

Under this issue counsel for appellant makes the claim that the plaintiff-appellee has no right of action against the defendant-appellant, predicated on the provisions of Exhibit A (being the journal entry in the Common Pleas Court of Union County) for the reason that the quoted portion from the order of the Probate Court says that the money is "for the support, care and maintenance of said children while under the custody of Eva Aukland, mother of said children." In other words, that said order does not say that the money is given to the mother to compensate her for caring for the said children.

We do not have before us the complete journal entry of the Probate Court. We only have a short excerpt, purporting to be copied into the Common Pleas Court entry. If this was all that was contained in the Probate Court entry, it might be considered an infirmity, but even if such infirmity exists, it was cured through the entry of the Common Pleas Court wherein it was provided that the amount should be paid to the County Clerk of Courts and that the Clerk should pay the same to the plaintiff until further ordered by said Probate Court.

We think that under either order it would be obvious that the payment was for the benefit of the mother so long as the minor children were in her custody and would be a compensation to

her for the support she would furnish the children.

The argument made and the authorities cited by counsel for the appellant largely trace the history and object of legislation relative to obligations of parents to support minor children and relieve the state from such care. We find nothing in the discussion which we think pertinent to our inquiry.

## ISSUE No. 3.

This issue advances the claim that the plaintiff's only right of action would be upon an implied contract. In other words, the wife would have to set out in her petition the fact that the minor children were in her custody during the period claimed; that she has furnished them care and support in the way of food, shelter, raiment and the reasonable value of such services. Whether or not plaintiff would have such a remedy where the defendant has failed to comply with the order of the court as to installment payments, may be a debatable question but most assuredly if plaintiff has such a remedy, it is not the sole remedy.

Where, as in the instant case, an order has been made to pay a stipulated amount in installments, an action may be brought to recover all defaults. Several remedies are provided to enforce default payments. Our only concern in the instant case is as to whether or not plaintiff may have the defaulted installments reduced to a judgment in a lump sum. The Supreme Court we think has directly decided this question. We refer to the case of **Armstrong v Armstrong, 117 Oh St 558.** Syllabi 1 and 2 read as follows:

"1. A judgment for alimony payable in installments rendered upon entering a decree for divorce constitutes a final judgment within the full faith and credit clause of the Federal Constitution so far as accrued installments are concerned, no modification of the decree having been made prior thereto, unless it appears from the law of the jurisdiction wherein the decree was granted that the power of modification expressly retained extends to accrued as well as to future installments of alimony."

"2. Where a divorce was regularly decreed in a Kentucky court and a sum payable in installments was awarded as alimony and for the support and maintenance of children of the parties and there has been no modification of such judgment it will be enforced by the courts of Ohio under the full faith and credit clause of the Federal Constitution."

The only distinction of substance that we find between the instant case and the Armstrong case is that in the latter the action to recover the default installments of alimony was predicated upon an alimony decree made by the Circuit Court of Campbell County, Kentucky.

If it should be found that under the laws of the State of Kentucky a different rule would prevail than in Ohio, then it would naturally follow that the Armstrong case would not be accepted as a precedent. A reading of the entire case will disclose that the Supreme Court did not predicate its holding upon any peculiar provisions of the Kentucky law, but rather announced the principle upon the rule of reason that default alimony payments are in the nature of judgments and are not subject to modification unless the entry making the order specifically provides that past due as well as subsequent payments may be modified by the court making the original judgment.

No such provision was made in the judgment entry in the Kentucky case, nor was any such order specifically made by the Probate Court in the instant case.

Also see **Pace v Pace, 41 Oh Ap 130.**

Many other authorities have been cited and are in point, but it is our view that the Armstrong case so completely decides the major question, that no further comment is necessary.

The judgment of the trial court will be affirmed and costs adjudged against appellant.

HORNBECK, PJ. & GEIGER, J., concur.