**MARTIN, Plaintiff-Appellant, v MARTIN, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4055. Decided September 29th, 1947.

Isadore L. Margulis, Columbus, for plaintiff-appellant.
James F. Henderson, Columbus, for defendant-appellee.

## OPINION

By WISEMAN, PJ.

This is an appeal on questions of law from a judgment of the Court of Common Pleas, Division of Domestic Relations, Franklin County, Ohio, in favor of the defendant-appellee and against the plaintiff-appellant in the sum of $1971.00.

Plaintiff-appellant has filed six separate assignments of error, all of which in substance raise the question as to whether the judgment of the trial court was contrary to law. From the record as shown by the transcript of the docket and journal entries it appears that in March, 1940, the defendant was granted a divorce from the plaintiff in the Court of Common Pleas, Division of Domestic Relations, Franklin County, Ohio, on her cross-petition and was awarded the custody of their two minor children who at this time are eighteen and thirteen years of age, respectively. With respect to alimony and support the Court ordered "that the plaintiff is to pay to defendant the sum of $40.00 per month for alimony and support beginning on the 11th day of March, 1940." In the same entry the Court "ordered, adjudged and decreed * * * that the plaintiff pay to defendant, the sum of $40.00 per month, beginning on the 11th day of March, 1940." Only a portion of the alimony and support money was paid. On March 1, 1947, the defendant filed her motion in the divorce case for a money judgment for the balance due; alleging that during the interim $3280.00 should have been paid, that $1309.00 was paid to date, leaving a balance due of $1971.00 for which amount she asked judgment. The plaintiff filed an answer to the motion specifically raising the question as to the legality of the judgment, if obtained. The trial court rendered judgment in favor of the defendant and against the plaintiff for $1971.00. The judgment entry in part is as follows:

"That the amount which plaintiff should have paid from the date of the divorce up to the first day of March, 1947, was the sum of $3280.00 and that the total amount which plaintiff has paid is the sum of $1309.00 leaving an arrearage of $1971.00 due defendant, and that the defendant is entitled to judgment in the sum of $1971.00 and her costs against the plaintiff.

"It is therefore, ordered, adjudged and decreed by the Court that the plaintiff herein is in arrearage in the sum of $1971.00 and a judgment is hereby granted defendant against the plaintiff in the sum of $1971.00 and her costs."

It is noted that the Court did not make a separate allowance for alimony and support for the children; neither was the order made effective "until further order of Court" as is usually done. An express reservation is not required to invest the Court with continuing jurisdiction. A purpose to retain continuing jurisdiction may be implied. Where the Court does not award alimony in a gross amount but makes an award of alimony in monthly installments the Court retains continuing jurisdiction. Whether the jurisdiction is continuing or not depends wholly on the character of the order itself. In the case at bar the Court ordered alimony and support to be paid in monthly installments and in making such order showed a purpose to maintain continuing jurisdiction. **Newkirk v Newkirk, 129 Oh St 543; Corbett v Corbett, 123 Oh St 76; Van Almsick v Van Almsick, 69 Oh Ap 425, 431; Rubaszny v Rubaszny, 46 Abs 55; Blake v Blake, 2 Abs 3.** See also Vol. 14, O. Jur., p. 511-514.

The trial court having continuing jurisdiction, it had the authority to modify its former order fixing the alimony and support in a lump sum. The question for the Court to determine is whether the trial court had the authority to render judgment for the unpaid installments without first having modified the former order for alimony and support.

In **Meister v Day, 20 Oh Ap, p. 224,** it is held:

"An order for alimony, not for a fixed sum, but payable in installments, over which the Court expressly or impliedly reserves the right of modification, will not, without modification, support an action for a money judgment.

"The remedy is to seek a modification of the order for alimony by reducing it to an order for the payment of a lump sum.

"The jurisdiction of the Court which entered the order for alimony may be invoked for modification, either by motion filed in the same cause or, in a proper case, by petition for that purpose filed in a separate action in the same court."

In **Van Almsick v Van Almsick, 69 Oh Ap 425,** (opinion by Judge Hornbeck of the Second District) the Court held:

"Where, in an action for divorce, a husband is ordered to pay into court a certain sum per week for the benefit of the wife or minor children, the accounting thus made constitutes prima facie evidence of the balance due under the court order.

"In such case, it is not error for the court to reduce to judgment the amount of installments in arrearage under such order, upon motion of the wife made in the original divorce action, where no objection is made to such procedure."

In that case the wife did not first seek a modification of the order granting support money. By motion filed in the original divorce case she sought to reduce the unpaid installments to a money judgment which procedure was followed in the case at bar. Judge Hornbeck in his opinion discusses at length numerous cases bearing upon this question, one of which is the case of Meister v Day, supra, and it is noted that in that case, although the action for judgment was instituted in the same court, it was presented by petition in a separate action independent of the divorce case wherein the alimony order was made. The Court discusses the cases of **Gilbert v Gilbert, 83 Oh St 265,** Lynde v Lynde, 162 N. Y., 405, Sistare v Sistare, 218 U. S. 1, and others, a detailed discussion of which in this opinion will serve no useful purpose.

The Court held that the trial court was without authority to modify its former order affecting the unpaid installments of alimony which had already accrued. If the trial court is without such authority, which we believe to be the law, any action for modification of the former order would require the Court only to make a mathematical calculation as to the amount due as arrearages, and then render judgment for the amount due. It was this process of reasoning which led Judge Hornbeck to conclude on page 432 as follows:

"The Court which rendered the judgment in this case had jurisdiction not only to enter the judgment but to determine whether there should be any modification of the alimony or support order. The defendant appeared and was put upon notice that the plaintiff sought a determination that she was entitled to judgment for the amount then appearing to be payable under the former court order. No attempt was made to have the court reduce the installment payments, no objection was interposed to the amount thereof, as theretofore fixed, and no claim was made of changed conditions. All of these matters were before the Judge, who must have found that there should be no reduction in the amount then due by the former order of the court and by carrying this sum into judgment, in effect, adjudged that this sum was then payable and that it was not subject to modification."

In discussing this phase of the case the Court on page 432 say:

492

"In this situation we are constrained to hold that it is too nice a discrimination to require that the alimony order first be changed in terms before the effect of the finding of the Court can be carried into judgment. The plaintiff should not be denied the benefit of the continuing order for the payment of the weekly installments of alimony or support money which should and will continue to accrue until there has been some order to the contrary."

Again, on page 436, the Court concludes as follows:

"Our view of the question presented in this case is that if it be required as a prerequisite to the validity of the judgment that there be a determination that there is a fixed sum presently due and payable under the alimony or support order and that it be modified accordingly, which requirement is open to doubt, the action of the Court in this case under all the facts and circumstances was tantamount to such an order."

In the case at bar the defendant-appellant followed the same procedure which was followed in the Van Almsick case. This Court is constrained to approve the reasoning in that case and in doing so will be impelled to find that the judgment of the trial court was not contrary to law.

Judgment affirmed.

MILLER and HORNBECK, JJ, concur.