### McPHERSON, Plaintiff-Appellee, v. McPHERSON, Defendant-Appellant.

Ohio Appeals, Second District, Miami County.

No. 447. Decided May 20, 1949.

Michael E. Norris, Troy, for plaintiff-appellee.
Richard H. LeF'evre, Troy, for defendant-appellant.

**OPINION**

By THE COURT:

This is a law appeal from a judgment of the Juvenile Court for Miami County, Ohio. The record discloses that on November 8, 1935, the Court of Common Pleas for Miami County, Ohio, entered a decree of divorce in favor of Mary Lee McPherson against Ronald A. McPherson, awarded custody of Alan McPherson, a minor child of the parties, to Mary Lee McPherson, and ordered Ronald A. McPherson to pay the sum of $5.00 per week to Mary Lee McPherson as support for said child until further order of the court.

On the 30th day of December, 1935, the Court of Common Pleas certified the cause to the Juvenile Court of Miami County, Ohio, in so far as the same related to matters of support and custody of said minor child and all subsequent proceedings were before the Juvenile Court. This cause came before the Juvenile Court upon the motion of Mary Lee Tackett, formerly Mary Lee McPherson, to strike from the files the motion of Ronald A. McPherson which sought to reduce the amount of support which had accrued under the former order of the court. The court sustained the motion to strike and found the motion of Ronald A. McPherson to be' insufficient as a matter of law.

The ultimate question presented by this appeal is whether upon the granting of a decree for divorce an award for the support of a minor child, payable in weekly installments, is subject to modification as to installments which have accrued and are unpaid. No gross sum was ever fixed by the trial court and it is for this reason that the appellant urges that no right exists for a judgment in any specific sum. The trial court held in effect that the past due installments constituted a judgment which were not subject to modification.

The question presented here is not one of first impression, as only last year this court passed upon the identical question in the case of **Bush v. Bush, 82 Oh Ap 255,** the syllabus of which provides:

"A divorce decree, incorporating a separation agreement of the parties, which agreement provides for the payment of

weekly support money for their children until they reach the age of eighteen years, constitutes such a judgment that execution may be levied thereon for past due installments without first carrying into separate formal legal judgment the total amount of the installments then due under the terms of the decree."

The decision in this case cites the authorities relied upon and it would serve no useful purpose to again restate our reasons for so holding. We might add several additional authorities which are not cited in the Bush case, supra, which we think are also controlling. In **Armstrong v. Armstrong, 117 Oh St 558,** the syllabi provide:

"1. A judgment for alimony payable in installments rendered upon entering a decree for divorce constitutes a final judgment within the full faith and credit clause of the Federal Constitution so far as accrued installments are concerned, no modification of the decree having been made prior thereto, unless it appear from the law of the jurisdiction wherein the decree was granted that the power of modification expressly retained extends to accrued as well as to future installments of alimony.

"2. Where a divorce was regularly decreed by a Kentucky court and a sum payable in installments was awarded as alimony and for the support and maintenance of children of the parties and there has been no modification of such judgment it will be enforced by the courts of Ohio under the full faith and credit clause of the Federal Constitution."

The only distinction of substance that we are able to find between the instant case and the Armstrong case is that in the latter the action to recover the default installments of alimony was predicated upon an alimony decree made by the Circuit Court of Campbell County, Kentucky. If it should be found that under the laws of the State of Kentucky a different rule would prevail than in Ohio, then it would naturally follow that the Armstrong case would not be accepted as a precedent. A reading of the entire case will disclose that the Supreme Court did not predicate its holding upon any peculiar provisions of the law, but rather announced the principle upon the rule of reason that accrued alimony payments are in the nature of judgments and are not subject to modification, unless the entry making the order specifically

provides that past due as well as subsequent payments may be modified by the Court making the original judgment; also in the case of **Aukland v. Aukland, 17 O. O. 387,** this Court of Appeals followed the ruling in the Armstrong case, supra, syllabi 3 and 4 providing:

"Where an order has been made to pay a stipulated amount in installments, an action may be brought to recover all defaults in payments.

"Default alimony payments are in the nature of judgments and are not subject to modification unless the entry making the order specifically provides that past due as well as subsequent payments may be modified by the court making the original judgment."

The case of **Gilbert v. Gilbert, 83 Oh St 265,** also supports the views we have taken. In this case the court makes a distinction where the decree is for alimony alone, from one granting a divorce and alimony, the second syllabus of which provides:

"A decree for alimony payable in installments in a suit for alimony alone in one state will not support an action as on a final judgment for a fixed sum in another state."

In the opinion in this case at page 269, Johnson, J., comments:

"In rendering a decree for alimony alone the court necessarily has in view that the marital contract still exists; that the parties are still bound by all its mutual obligations; that they may become reconciled and that the grounds and the desire for the allowance may be wiped out at any time. A decree in such a case is continually subject to modification, while in rendering a decree for divorce and alimony the court determines the ultimate relation of the parties and fixes the amount and the mode of payment of any money or property allowance to the wife. And when there is a divorce in a proceeding in which the wife is in court asserting her rights and asking for affirmative relief, she is concluded by the decree in that proceeding.

\* \* \*

It follows, of course, that if alimony claims are adjusted in the decree in such a proceeding the parties are equally bound."

We recognize that the holdings of the various Courts of Appeals in this state are not uniform on this question; that **Meister v. Day, 20 Oh Ap, 224, Collins v. Collins, 79 Oh Ap 329,** and several others are in conflict with our view and upon proper application we will so certify.

We are of the opinion that there is no error in the record and the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.