## KINNEY v. KINNEY.

### No. 10903.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 19, 1951.

Decided April 17, 1952.

Rex K. Nelson, Washington, D. C., for appellant.

No appearance for appellee.

Before KIMBROUGH STONE, Circuit Judge, retired (sitting by designation), and PRETTYMAN and FAHY, Circuit Judges.

STONE, Circuit Judge.

An Ohio court entered an order requiring appellant to pay appellee (his wife) $60.00 per month "until the further order of this court". The order was a maintenance order only; no divorce was involved. Thereafter, appellee brought this action, in the District Court for the District of Columbia, for $5040.00, being unpaid balance to date of this action. Earlier installments had been paid. Both parties moved for summary judgment. From judgment for appellee, this appeal.

This judgment is only for installments due up to the time of filing the present action. The position of appellant is concisely stated in his brief as follows:

"By the law of the State of Ohio a straight maintenance order, not bottomed on divorce nor a final adjudication of the parties' rights, is a finding only, and such an order is not deemed a judgment in Ohio nor entitled under the laws of that state to full faith and credit in sister states. The maintenance order herein sued upon as a final judgment is in fact a finding only, subject to modification retroactively in Ohio, and the court below erred in according this order the effect of a foreign judgment, though denied that effect in Ohio, and thereby cut off all defenses to be presented by appellant upon trial of the cause."

"* * * the duly attested record of the judgment of a state is entitled to such faith and credit in every court within the United States as it has by law or usage in the state from which it is taken." Adam v. Saenger, 303 U.S. 59, 62, 58 S.Ct. 454, 456, 82 L.Ed 649. If, by the law of such State, a decree for past due installments of alimony is "subject retroactively to modification or recall by the court after their accrual", the decree lacks that finality requiring recognition in other States. Barber v. Barber, 323 U.S. 77, 80, 65 S.Ct. 137, 89 L.Ed. 82; Sistare v. Sistare, 218 U.S. 1, 17, 30 S.Ct. 682, 54 L.Ed. 905.

The expression of the Ohio court as to alimony in this case before it is as follows:

"It is Therefore, Ordered, Adjudged and Decreed that the defendant pay to the plaintiff as and for alimony, the sum of Sixty Dollars ($60) per month, in semi-monthly installments of thirty dollars ($30) each, payable on the 1st and 15th of each month, the first semi-monthly payment of Thirty Dollars ($30) being due and payable on or before the 1st day of October, 1939,

until the further order of this court, and that said payment of Sixty Dollars ($60) per month, cease upon the death of either party."

Thus our problem is whether under a decree with this reserved power, in the decree, of "until further order of this court" and whether under the law of Ohio there is the power in the court making the decree to alter it as to past due installments.

The Ohio courts make a distinction, as to finality, between orders or decrees for installment alimony in actions for separate maintenance alone and decrees for installment alimony in connection with divorce actions. Gilbert v. Gilbert,[1] 83 Ohio St. 265, 94 N.E. 421, at pages 422 and 423, 35 L.R.A.,N.S., 521, states the reasons for and the effects of this difference as follows:

" * * * And in considering the original decree in Cuyahoga county in connection with that in South Dakota, it must be noted that alimony in a suit for alimony alone is different from alimony in a suit where there is a decree for alimony and divorce. In rendering a decree for alimony alone the court necessarily has in view that the marital contract still exists; that the parties are still bound by all its mutual obligations; that they may become reconciled, and that the grounds and the desire for the allowance may be wiped out at any time. A decree in such a case is continually subject to modification, while in rendering a decree for divorce and alimony the court determines the ultimate relation of the parties, and fixes the amount and the mode of payment of any money or property allowance to the wife. * * *

"It is contended on behalf of Mrs. Gilbert that the court in South Dakota should have accepted the order in Cuyahoga county as conclusive on it, and should have given it the same force as a judgment of another state is entitled to. This contention is not sound. A money decree for alimony is not a judgment in the full legal meaning of

the term. It is not a provable claim under the bankruptcy statute. It does not become dormant because of failure to issue execution on it for more than five years. Lemert v. Lemert, 72 Ohio St. 364, 74 N.E. 194, 106 Am. St.Rep. 621; State, on Complaint of Cook, v. Cook, 66 Ohio St. 566, 64 N.E. 567, 58 L.R.A. 625.

"An order or decree for alimony, payable in installments, where there is no decree for divorce, is subject to be modified, changed, or terminated by the future action of the court, having before it the parties themselves and all of the facts and the then existing circumstances. Olney v. Watts, 43 Ohio St. 499, 3 N.E. 354; Myers v. Myers, 3 Ohio N.P. 162; Sargent v. Sargent, 8 Ohio N.P. 238."

In Pace v. Pace, 41 Ohio App. 130, 180 N.E. 81, at page 83, the court stated:

"It may therefore be reasoned that it is the law of the state, in a suit for alimony alone, that a decree for allowance of alimony in installments may thereafter be modified not only as to the future installments of alimony, but that such a modification may have a retroactive effect, and that, therefore, in view of the reasons stated, a decree for alimony in installments is not a judgment upon which execution may be issued, but is in fact but an allowance which may thereafter be reduced to a decree in gross which may then have the force of a judgment upon which execution may issue; and it seems beyond question that the jurisdiction of the court entering the decree may be invoked in that case by motion, or by an independent proceeding in that court for that purpose."

Upon certification of the Pace case to the Supreme Court of Ohio, it was affirmed. Haldeman v. Pace, 125 Ohio St. 53, 180 N.E. 547. The rule in the Gilbert case is recognized in Armstrong v. Armstrong, 117 Ohio St. 558, 160 N.E. 34, 57 A.L.R. 1108, where the court distinguishes the

1. This case was later reversed upon other grounds, in Gilbert v. Gilbert, 90 Ohio St. 417, 108 N.E. 1121.

Gilbert case from the Armstrong case which was alimony on a divorce decree, see 160 N.E. 34, 36. In Aukland v. Aukland, Ohio App., 31 N.E.2d 731 at page 734, the court stated:

> "The opinion by Johnson, J., in the Gilbert case will be found very interesting in its discussion of the varying rights and obligations of the parties in an alimony action alone and where divorce is granted in connection with alimony." And see McPherson v. McPherson, 1949, 87 Ohio App. 243, 88 N.E.2d 814, affirmed, 1950, 153 Ohio St. 82, 90 N.E.2d 675.

 Thus it appears that the Gilbert and Pace cases express the law of Ohio applicable to the fact situation here. We understand this rule to be that an order or decree for installment payments of alimony for separate maintenance of the wife where there is no divorce is subject to change, in the discretion of the court, as to past due installments as well as future ones. Cf. Kephart v. Kephart, 1951, 89 U.S.App.D.C. 373, 193 F.2d 677. As such, it is not entitled to full faith and credit, and we hold that it is not actionable in this jurisdiction under the principles of comity. See Griffin v. Griffin, 1946, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635. So far as appears from the record in this case, and from the Ohio decisions which have been brought to our attention, the wife has but to take a simple step in Ohio to entitle her to maintain this action, and that is to file a petition or motion in her original action for alimony, for reduction of the accrued unpaid installments to a judgment in gross. The Ohio courts retain continuing jurisdiction over the parties in the original action under these circumstances,[2] and after suitable notice to the husband[3] could render a judgment in favor of the wife which the courts of this jurisdiction would recognize. Indeed this step is one which the wife would have to take to obtain execution against the husband's property in Ohio. Pace v. Pace,

supra. In these circumstances we see no compelling reason for this court to render a judgment here of greater finality than has been rendered in Ohio, where it is subject to retroactive modification.

The judgment is

Reversed and remanded with directions to dismiss the action.

---

2. Martin v. Martin, Ohio App.1947, 76 N.E.2d 99, motion to certify record to Supreme Court of Ohio sustained, Ohio App.1947, 77 N.E.2d 362, 363, for review as to another point in the case.

3. Judgment entered without notice to the husband would not be entitled to enforcement here, as violative of due process. Griffin v. Griffin, supra.