Ida Gray FULLER, Appellant,

v.

Forrest E. FULLER, Appellee.

No. 3152.

District of Columbia Court of Appeals.

Argued Feb. 11, 1963.

Decided April 19, 1963.

Rehearing Denied May 7, 1963.

Elbert E. Blakely, Washington, D. C., with whom Frank W. Vanderhoof, Washington, D. C., was on the brief, for appellant.

Joel Savits, Washington, D. C., with whom Samuel Barker, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant obtained a divorce a vinculo matrimonii from appellee in the Circuit Court for Baltimore County, Maryland, on September 30, 1960. The decree ordered appellee to pay appellant "the sum of Seventeen Dollars and Fifty Cents ($17.50) per week, as alimony, subject however to the further Order of this Court." Attached thereto was an agreement executed by the parties the preceding month which provided in part "that this agreement shall be made a part of any decree that may be passed in any divorce proceeding that may be filed," and that "the husband hereby agrees to pay to the wife, seventeen dollars and fifty cents a week as permanent alimony; said payments shall continue until the wife dies or remarries, whichever event shall occur first."

Appellee failed to comply with the order and in December 1960 the Circuit Court issued a writ for his attachment. Appellee could not be found, and on April 10, 1961, appellant petitioned the court for a money judgment in the amount of the unpaid accrued installments which appellee had been ordered to pay as temporary and later as permanent alimony. No notice of the petition or the hearing was given to appellee, and on the same day that the petition was filed the Circuit Court reduced the arrearages to a monetary judgment in the amount of $517.

Appellant then filed a complaint on September 27, 1961, in the Municipal Court for the District of Columbia seeking to recover $517 on the foreign money judgment entered by the Circuit Court for Baltimore County on April 10. Both parties moved for summary judgment and appellant moved to consolidate this action with a reciprocal support action previously filed in the Domestic Relations Branch.[1] The motions for summary judgment and the motion to consolidate were denied, and this cause came on for hearing in the Domestic Relations

Branch. The trial court found that appellee had not been given notice of the petition, hearing or judgment entered against him on April 10, 1961, in the amount of $517, and refused to give full faith and credit to that order of the Circuit Court for Baltimore County which reduced the arrearages to a monetary judgment. Appellant's motion for reconsideration or in the alternative for a new trial was denied, and this appeal followed.

We must concern ourselves initially with the nature of the payments ordered by the Circuit Court in its divorce decree of September 30, 1960. If the payments were to continue for the joint lives of the parties or only for so long as they lived separate and apart, the allowance in the decree falls within the definition of "alimony" which the Maryland courts have held to be subject to retroactive modification and as such are not final and not entitled to full faith and credit, unless the accrued installments have been reduced to a monetary judgment in the forum possessing the right of retroactive modification. Brown v. Brown, D.C.Mun.App., 75 A.2d 140 (1950). Where past installments of alimony have not been paid, the plaintiff may petition the court which rendered the decree and obtain a monetary judgment for the amount of the arrearages. But since the defendant has the right to urge modification of the unpaid installments, the arrearages may not be reduced to a valid money judgment unless the defendant is given notice of the petition and an opportunity to be heard. Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1946); Diesenhof v. Glass, D.C.Mun.App., 186 A. 2d 892 (1962); Darden v. Darden, D.C. Mun.App., 144 A.2d 697 (1958). "If, however, the allowance to the wife in the decree is the result of a previous agreement between the spouses and does not fall within the accepted definition of alimony, so that it would have been impossible for the chancellor to have allowed permanent alimony

1. An order granting appellant reciprocal support was subsequently set aside.

as the decree provides, then, notwithstanding the parties and even the court called it 'alimony,' the allowance for the wife in the decree was not alimony, and a court of equity has no power to modify the decree as in the case of an award of alimony." Dickey v. Dickey, 154 Md. 675, 141 A. 387, 389, 58 A.L.R. 634 (1928).

The agreement entered into by the parties and attached to the divorce decree provided that appellee pay appellant $17.50 per week "as alimony * * * until the wife dies or remarries, whichever event shall occur first." The payments are not limited to the joint lives of the parties and do not therefore fall within the definition of "alimony" as that term has been defined by the Maryland courts, and notwithstanding that the payments were called "alimony" in the agreement and were so designated in the divorce decree, which made them subject to the further order of the court, we must conclude that the payments for the support of appellant ordered by the Circuit Court on September 30, 1960, were not subject to modification. Winkel v. Winkel, 178 Md. 489, 15 A.2d 914 (1940); Knabe v. Knabe, 176 Md. 606, 6 A.2d 366, 124 A.L.R. 1317 (1939); Dickey v. Dickey, supra. With respect to the finality of the award, it is similar to a decree for alimony rendered in the District of Columbia which is absolute and vested as the installment becomes due, provided no modification of the decree has been made prior to its maturity; each installment maturing without modification becomes a judgment debt similar to any other judgment for money. Kephart v. Kephart, 89 U.S.App.D.C. 373, 380–381, 193 F.2d 677, 684, cert. denied, 342 U.S. 944, 72 S.Ct. 557, 96 L.Ed. 702 (1952).

There remains, therefore, the question whether the monetary judgment entered on April 10, 1961, for the amount of the unpaid installments, which were not subject to modification, was lacking in procedural due process and thus not entitled to full faith and credit in the District of Columbia because it was entered without notice to or an appearance by appellee and without any form of service calculated to give him notice of the proceedings.

In Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1946), the Court held that a monetary judgment for the amount of unpaid installments of alimony docketed without notice to the defendant failed to meet the requirements of procedural due process and was not entitled to full faith and credit when sued upon in another jurisdiction. The New York Civil Practice Act permitted retroactive modification of the award, and to that extent the case presently before us is distinguishable. However, the Court went on to say that the judgment for the amount of the arrearages purported to cut off the defense of payment in addition to the right to modify the alimony decree. Nevertheless, for the reasons set forth below, we are of the opinion that under the circumstances presently before us the monetary judgment entered by the Circuit Court for Baltimore County for the amount of the unpaid installments was entitled to full faith and credit in the District of Columbia, even though appellee was not given notice or an opportunity to be heard before the judgment for the accrued arrearages was enrolled.

By the terms of the divorce decree and the agreement attached thereto, appellee was not entitled to retroactive modification of the award. The only defenses which he could have urged had he been given notice of the April 10th proceeding were (1) that if appellant had remarried she was not thereafter entitled to support; and (2) that the installments had been paid. The majority opinion in Griffin notes that if the husband's defense is payment and the wife has petitioned for an amount which is not owed her, the judgment may be collaterally attacked as fraudulent. 327 U.S. at 229–230, 66 S.Ct. at 560, 561. And Mr. Justice Rutledge, dissenting in part, suggests that even if the wife docketed the judgment in good faith, " * * * it is inconceivable that a court, upon a showing of payment, would refuse to vacate the judgment or that

equity would not come to the husband's aid. Her attempt to enforce the judgment or retain its proceeds after learning of the satisfaction would be fraudulent." 327 U. S. at 243, 66 S.Ct. at 567. These reasons are no less applicable where the wife has remarried. Appellee was personally served in the action filed in the Municipal Court to enforce the judgment for the amount of the unpaid installments entered by the Circuit Court for Baltimore County on April 10, 1961. Because the proceedings in the trial court were limited to whether appellee was given notice of the judgment entered on April 10, 1961, on the remand of this case appellee will be given an opportunity to raise any defense to the judgment for the amount of the arrearages which would be available to him under Maryland law.

■ Finally, we note that the trial court refused to receive in evidence the divorce decree entered on September 30, 1960, and the agreement of the parties attached thereto. This was error.

Reversed and remanded for further proceedings in conformity with this opinion.