Josephine Addison GAMBLE, Appellant,

v.

Robert McDuffie GAMBLE, Appellee.

No. 4771.

District of Columbia Court of Appeals.

Argued Oct. 13, 1969.

Decided Nov. 7, 1969.

---

1. D.C.Code 1967, § 22–2202.

Mark P. Friedlander, Washington, D. C., with whom Mark P. Friedlander, Jr., Blaine P. Friedlander, Harry P. Friedlander, and Marshall H. Brooks, Washington, D. C., were on the brief, for appellant.

John Geyer Tausig, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and FICKLING and NEBEKER, Associate Judges.

NEBEKER, Associate Judge.

This appeal presents the question whether a Maryland alimony and child support decree, which is subject to retroactive modification or cancellation,[1] is to be afforded full faith and credit under U.S.Const. art. IV, § 1, as a final judgment. The trial court dismissed the complaint filed on the Maryland decree for the announced reason that its potentially fluid character removed it from the scope of art. IV, § 1, *supra.*

The law is clear that where such a decree is subject to retroactive modification or cancellation it is not final within the meaning of the "full-faith-and-credit" clause.[2] Appellant, however, argues that the decision in Thomason v. Thomason, 107 U.S. App.D.C. 27, 274 F.2d 89 (1959), precludes the dismissal by virtue of what he deems to be an implied holding that finality of such a foreign decree is immaterial. We do not agree that such an implication can be read into that decision. The case dealt with a Nevada decree of divorce and child support. Subsequent to that decree, the father brought suit in the District of Columbia for child custody and the wife counterclaimed for arrears due under the Nevada decree. The opinion simply holds that jurisdiction was vested in the Domestic Relations Branch of the trial court. It does not deal in any way with the problem presented here. This is understandable when it is realized that Nevada, unlike Maryland, adheres to the rule that continuing jurisdiction to modify or vacate an alimony and child support decree contemplates prospective change only. Day v. Day, 82 Nev. 317, 319, 417 P.2d 914, 916 (1966). Accordingly, the *Thomason* decision is no support for appellant's contention and the complaint was properly dismissed.

Affirmed.

1. Johnson v. Johnson, 241 Md. 416, 419, 216 A.2d 914, 917 (1966).

2. Kinney v. Kinney, 90 U.S.App.D.C. 346, 196 F.2d 587 (1952); Fuller v. Fuller, D.C.App., 190 A.2d 252 (1963); Brown v. Brown, D.C.Mun.App., 75 A.2d 140 (1950).