**UNITED STATES of America,**

v.

**Gregory Allen JACKSON, Defendant.**

**No. CR.A.99–385M–01(JMF).**

United States District Court, District of Columbia.

Nov. 27, 2001.

Pleasant S. Brodnax, III, Washington, DC, for defendant.

### MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

On December 4, 2000, I sentenced defendant Gregory Allen Jackson to five years of probation upon his conviction of Theft of Government Property under $1000, 18 U.S.C.A. § 641 (1994). On September 6, 2001, defendant, while on probation, was convicted of Theft in the District Court, Montgomery County, Maryland, and sentenced to 18 months incarceration. Defendant pled guilty in Maryland and took no appeal.

The Probation Office seeks the revocation of the defendant's probation in this case. During a hearing on November 20, 2001, defendant, through counsel, admitted to the violation of probation charged and counsel then asked me to sentence the defendant to no more than six months. I then offered the defendant the opportunity to speak and to the surprise of everyone he began to insist that he was not guilty in the Maryland case. For example, he claimed that his employers issued him the cell phone he was accused of stealing. Understandably, he attacked the effectiveness of his Maryland counsel who, he claims, urged him to plead guilty and never investigated the charges. His counsel in this case then claimed a right to call witnesses to attack the validity of the Maryland conviction.

I continued the matter and indicated to counsel my desire to hear them as to the validity of the defendant's collateral attack on his Maryland conviction. Having reviewed the case law, however, I have now determined that I cannot permit defendant's attack on his Maryland conviction.

■ It is settled beyond all question that the invalidity of the underlying conviction is not a defense to the revocation of probation or supervised release. *United States v. Hofierka*, 83 F.3d 357, 363 (11th Cir.1996); *United States v. Almand*, 992 F.2d 316, 317 (11th Cir.1993); *United States v. MacKenzie*, 601 F.2d 221, 222 (5th Cir.1979); *United States v. Francischine*, 512 F.2d 827, 828 (5th Cir.1975); *United States v. Torrez–Flores*, 624 F.2d 776, 779 (7th Cir.1980); *United States v. Thomas*, 934 F.2d 840, 846 (7th Cir.1991); *Brown v. Warden*, 351 F.2d 564, 566–567 (7th Cir.1965) ("The inquiry of the court at such a hearing is not directed to the probationer's guilt or innocence in the underlying criminal prosecution, but to the truth of the accusation of a violation of proba-

tion."); *Yates v. United States*, 308 F.2d 737, 738 (10th Cir.1962); (holding that a defendant may not collaterally attack original conviction on appeal of probation revocation). *Cf.* USSG § 4A1.2, comment (n. 6) (November 2001).

■ If the defendant could not attack the validity of his conviction in this court when accused of a violation of probation, then, *a fortiorari*, he cannot possibly attack the validity of his conviction in another jurisdiction. To the contrary, the Maryland conviction, having become final, is not subject to collateral attack in this court under the most fundamental principles pertaining to judgments. *Kinney v. Kinney*, 196 F.2d 587, 588 (D.C.Cir.1952). Defendant is free to bring a habeas action in the same Maryland court where he was convicted. But he may not do so before me in the context of this probation revocation proceeding. I will therefore decline to hear from him any further about his supposed innocence of the Maryland charges and I certainly will not permit the receipt of any evidence pertaining to his claim of innocence. Instead, I shall hear from the defendant only in mitigation of the sentence I intend to impose.

### ORDER

In accordance with the above Memorandum Opinion, it is hereby,

**ORDERED** that defendant's probation be revoked and that he be heard solely as to the mitigation of sentence I intend to impose.

**SO ORDERED.**