PACE et v PACE
PACE v PACE et

Ohio Appeals, 5th Dist, Morrow Co

Decided May 4, 1931

C. H. Wood, Mt. Gilead, and Mouser, Young & Mouser, Marion, for plaintiffs in error.

T. B. Mateer and Benjamin Olds, Mt. Gilead, for defendants in error.

SHERICK, PJ.

Considering now the first claimed ground of error, we are of the opinion that it may be quickly disposed of. The construction of the will as asserted by the plaintiff in error is without doubt the correct interpretation thereof. That is, Reuben Pace has in said premises but a life estate, with power of sale of the fee if he should so elect. He has not elected so to do. It is equally plain that Dora Beckley is to inherit the fee, or whatever may remain thereof, if the property be sold. The court cannot exercise this power for him, and he not electing to sell, and in fact not having sold the premises, it is evident that the only interest of Reuben Pace in said premises that would be subject to execution and sale is his life estate therein, and, this being true, it is evident that the court in ordering the fee of said premises to be sold, ordered that sold which the debtor did not possess, for he did not own the fee, but only the life estate therein. It therefore seems unquestionable that the court erred in this respect. **Johnson v Johnson, 51 Oh St 446, 38 N. E. 61; Tax Commission v Oswald, 109 Oh St 36, 141 N. E. 678.**

Coming now to the second question presented, we are of the view that it cannot be so quickly solved, and a solution thereof is made difficult from the fact that many courts seem to have made no distinction between allowance of installment alimony, as made in an alimony case, from such allowances made in a divorce and alimony case.

We find that the Supreme Court of this state, in the case of **Gilbert v Gilbert, 83 Oh St 265,** at page 269, 94 N. E. 421, 422, 35 L. R. A. (N. S.) 521, has set forth the points of difference in these two actions. Judge James G. Johnson, speaking for the court, says: "Alimony in a suit for alimony alone is different from alimony in a suit where there is a decree for alimony and divorce. In rendering a decree for alimony alone the court necessarily has in view that the marital contract still exists; that the parties are still bound by all its mutual obligations; that they may become reconciled, and that the grounds and the desire for the allowance may be wiped out at any time. A decree in such a case is continually subject to modfication, while in rendering a decree for divorce and alimony the court determines the ultimate relation of the parties and fixes the amount and the mode of payment of any money or property allowance to the wife." The court proceeding further, at page 270 of **83 Oh St,** 94 N. E. 421, 423, points out that, "A money decree for alimony is not a judgment in the full legal meaning of the term. It is not a provable claim under the bankruptcy statute. It does not become dormant because of failure to issue execution on it for more than five years."

The Supreme Court later considered the **Gilbert Case** in **90 Oh St,** at page 417, 108 N. E. 1121, but it is certain that the court did not recede from its prior position previously stated in the rule of law announced therein, which is applicable to this suit. The Gilbert Case seems to have been again con-

sidered in **Armstrong** v **Armstrong, 117 Oh St** 558, 566, 160 N. E. 34, 57 A. L. R. 1108. A reading of this case discloses that this was a divorce and alimony action, and an interesting question is presented as to whether or not a decree for alimony may thereafter be altered or modified in such fashion that it may have a retroactive effect, or whether this right of modification only extends to future installments, and not to alimony already accrued. But the court in the Armstrong Case distinctly says that the Gilbert Case is not authority there and the court quotes with approval the portion of its holding in the Gilbert Case which we have hereinbefore set forth.

It may therefore be reasoned that it is the law of the state, in a suit for alimony alone, that a decree for allowance of alimony in installments may thereafter be modified not only as to the future installments of alimony, but that such a modification may have a retroactive effect, and that, therefore, in view of the reasons stated, a decree for alimony in installments is not a judgment upon which execution may be issued, but is in fact but an alowance which may thereafter be reduced to a decree in gross which may then have the force of a judgment upon which execution may issue; and it seems beyond question that the jurisdiction of the court entering the decree may be invoked in that case by motion, or by an independent proceeding in that court for that purpose.

In the case before us an entry in gross was not made, except in that part of the judgment for $137.12, and the installment decree was not further modified, and it must therefore follow that the court in ordering execution upon the installment portion of the order committed further error in its determination of the consolidated question, of which complaint is made.

The death of the defendant in error since the submission of this cause further complicates the question. It is held in **Coffman Admr** v **Finney, Admr, 65 Oh St** 61, 61 N. E., 155, 55 L. R. A. 794, which was a divorce and alimony action, that an appeal might be prosecuted after death from a decree for alimony in gross. This of course was under the statute prior to the Constitutional Amendment of 1912. In that case the court considered Revised Statutes, §5144, now §11397 GC, and it was there held that an action for alimony did not abate by reason of the death of either party. The present statute now recites: "Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties," except certain actions therein specifically enumerated, and

an alimony action is not so excepted. We are therefore of the opinion that under the statute an error proceeding from a modification decree, not in gross, in a case for alimony only, does not abate where death intervenes, as in the case at bar. We see no distinction in this respect that can be logically made between a gross allowance and one in installments.

It has been repeatedly held that in an action for alimony, where an installment decree has been entered, such may be the basis of a suit or proceeding for modification thereof into an allowance in gross, and that there may be thereby created a judgment upon which an execution may issue.

Now, to return to a further consideration of the reasons assigned for the distinction between the two forms of action in which alimony may be decreed as stated in the Gilbert and Armstrong Cases, supra, we must remark that the death of a party terminates the marital contract; the parties are no longer bound by its mutual obligations; and reconciliation cannot be expected. It is true that death wipes out the grounds and desire for further allowance, but it cannot wipe out the grounds and desire for an allowance prior to death, which the court recognized and decreed. The reason for the rule and differentiation having been eliminated by death, the distinction between a judgment for alimony in gross and a decree in installments in this respect should disappear.

The New York Court of Appeals, in the case of Van Ness v Ransom, 215 N. Y. 557, 109 N. E. 593, L. R. A. 1916B, 852 Ann. Cas. 1917A, 580, said: "I do not see how, in justice, it can be said that if the husband failed to pay according to the terms of the judgment, and the wife thereafter died, the judgment in her favor lapsed as to the amount already accrued, and cannot be enforced by her personal representatives. The husband cannot be heard to say that the wife had not required the alimony for the purposes of her support. The court, by the decree, determined on a full consideration of the conditions existing, that it was proper the husband should pay the sum mentioned. If he did not pay, and the wife drew upon her own resources or obtained otherwise the means of support, the husband should not be relieved to that extent from the obligations of the judgment."

It seems to us that this reason is sound, and we are aided thereby in reaching the conclusion that a modification of the installment decree in this case can in no sense have a retroactive effect so as to diminish the same and the estate be barred of the right vested in her prior to death.

It is therefore the order of this court that an injunction be allowed restraining the defendant in error from procuring a sale of the fee-simple title to the premises, as upon execution. The same, however, shall not extend to the life estate therein, of which the plaintiff in error is possessed. It is further the order of this court that the cause be reversed and remanded with instruction for such further proceedings therein in acoordance with the views herein expressed, as may then be made necessary and proper.

Judgment reversed, and cause remanded.

LEMERT and MONTGOMERY, JJ, concur.