## ROBERTS *v.* ROBERTS.

GILBERT, J. 1. A decree for alimony from a sister State, providing for future monthly payments, is such a decree as is enforceable in this State, under the full faith and credit clause of the constitution of the United States, as to such payments as have become· due and remain unpaid at the time of the rendition of the judgment in this State, although the foreign court retains jurisdiction for the purpose of modifying the judgment. *Cureton* v. *Cureton,* 132 *Ga.* 745 (2) (65 S. E. 65).

2. A judgment of the chancery court of the State of Florida, in so far as it relates to the matured and unpaid installments of alimony, which according to the petition do not appear to have been set aside or modified, is a chose in action and constitutes a debt, and an action can be sustained upon it. *Heakes* v. *Heakes,* 157 *Ga.* 863, 867 (122 S. E. 777).

3. The petition in this case contained a prayer for judgment based upon such matured and unpaid installments and for ne exeat, and for such remedy alleged a cause of action. The court therefore erred in sustaining the general demurrer to the petition. *Cureton* v. *Cureton,* supra.

*Judgment reversed. All the Justices concur.*

No. 8752. MARCH 16, 1932. REHEARING DENIED APRIL 15, 1932.

*W. H. Harris* and *George B. Culpepper Jr.,* for plaintiff.
*F. Holmes Johnson* and *J. W. Barnett,* for defendant.