29094. McLENDON *v.* McLENDON.

DECIDED SEPTEMBER 16, 1941. REHEARING DENIED NOVEMBER 18, 1941.

*H. W. McLarty, Paul Crutchfield,* for plaintiff in error.
*Walter A. Sims, Ellis McClelland,* contra.

SUTTON, J.   Mrs. Lida C. McLendon brought suit against Philip T. McLendon to recover money alleged to be due her under a judgment rendered in a foreign State for permanent alimony, the petition alleging that on June 23, 1926, in the circuit court of Baltimore City, State of Maryland, the plaintiff having filed a proceeding in said court to have a judgment awarding a divorce to the defendant set aside and annulled, and praying that she be granted a divorce and alimony from him, she was on said date, after a divorce obtained by the defendant against her had been set aside, awarded a divorce and the sum of $95 per month permanent alimony, in addition to the sum of $1080 as alimony which had accrued up to that time, together with the sum of $500 as attorney's fees, a copy of the judgment and decree being attached to the petition as "Exhibit A" and made a part thereof and reading as follows: "[After stating the case.] This cause standing ready for hearing and being submitted, the counsel for the parties were heard, and the proceedings read and considered. It is thereupon, this 23rd day of June, 1926, by the circuit court of Baltimore City adjudged, ordered, and decreed as follows: 1. That the enrollment of the decree of this court in the case of Philip T. McLendon *v.* Lida McLendon, dated November 17, 1924, and awarding a divorce a vinculo matrimonii to Philip T. McLendon from Lida McLendon be and the same is hereby discharged and the said decree be and hereby is vacated, annulled and set aside and declared to be of no force and effect, the same as if said decree had never been passed. 2. That the said Lida McLendon be and hereby is divorced a vinculo matrimonii from the said Philip McLendon. 3. That the said plaintiff, Lida McLendon, is entitled to receive by way of permanent alimony out of the estate of the said Philip T. McLendon, and the said Philip T. McLendon is hereby ordered to pay as permanent alimony unto the said Lida McLendon, the sum of ninety-five ($95) monthly, accounting from the 1st day of June, 1925. 4. That there is due by Philip T. McLendon to Lida McLendon under order or decree of the chancery court of New Jersey, passed on the 9th day of July, 1920, up to the date of filing of this suit, the sum of ten hundred and eighty dollars ($1080), which amount the said Philip T. McLendon shall pay to said Lida McLendon, and the latter shall have only the rights of a holder of a decree in personam for the collection or enforcement of payment

of said amount. 5. That the said Philip T. McLendon shall immediately pay to Hamn, Cook, Chestnut and Markell, solicitors for the plaintiff herein, as counsel fees, the sum of five hundred dollars ($500). 6. That the defendant Philip T. McLendon pay the costs of these proceedings." This record is shown by the exhibit to have been properly authenticated in accordance with the provisions of the Code of this State, § 38-627. It was alleged that the defendant was due the plaintiff at the time of the filing of the suit the sum of $18,085 under said judgment and decree, and that the defendant, since the rendition of the judgment and decree, had removed to the State of Georgia and was living in the City of Atlanta, earning a salary of $500 per month and owning certain described property, with considerable money on deposit in banks in said city. Judgment was prayed for the amount due and for the additional amount found to be due at the time of the hearing of the case, together with interest at 7 per cent. per annum from the time each monthly payment became due. The petition also contained allegations and prayers of an equitable nature.

The defendant filed general and special demurrers on the following grounds: (1) No cause of action was set out in the petition. (2) The petition shows that the judgment was subject to change or modification at any time as to past, present, and future alimony, and is therefore not enforceable in this State. (3) The judgment lacks definiteness and finality. (4) That the petition shows that no execution, rule, or contempt order has been issued from the said foreign circuit court, without the issuance of which establishing or showing the amount due the plaintiff she can not proceed. (5) That the petition shows on its face that the suit is barred by the statute of limitations of the State of Maryland, in that, as shown by a quoted portion of the annotated Code of Maryland, such a suit must be brought within twelve years from the date of judgment. (6) That the petition shows on its face that the suit is barred by the statute of limitations of this State which requires that a suit on a foreign judgment shall be brought within five years. (7) That the judgment shows on its face that it is ambiguous. (8) That the copy of decree attached to the petition does not show that the estate against which the judgment was rendered has not been exhausted and said judgment thereby not satisfied. (9) That the judgment was not in personam, as the copy

attached to the petition shows, but was against the estate of the defendant, and plaintiff has no right against him personally, and that under a cited Maryland case "when the husband has no estate there can be no alimony." (10) Immaterial, since the elimination of certain equity features of the petition, as hereinafter shown. (11) That the petition, process, service, and temporary judgments in the foreign divorce and alimony case are not set forth and the present suit is not maintainable without the said entire pleadings being attached.

Upon the hearing on the demurrers the court sustained the general demurrers as to the recovery of amounts accruing more than five years previously to the filing of the petition, and overruled the grounds in respect to the right of the plaintiff to recover for the amounts which became due within the five-year period preceding the filing of the suit. All allegations and prayers of the petition seeking equitable relief were stricken by the court, and this direction was acquiesced in by the defendant. The defendant excepted otherwise to the judgment overruling the grounds of demurrer as to the right to recover for the amounts accruing within the five-year period preceding the filing of the suit and to the overruling of the ground of special demurrer that the suit is not maintainable where the entire record is not attached, and by bill of exceptions took the case to the Supreme Court. That court rendered an opinion, holding that inasmuch as the equitable features of the case had been eliminated in the trial court the Supreme Court was without jurisdiction, and, accordingly, transferred the case to this court. See *McLendon* v. *McLendon*, 192 *Ga.* 70 (14 S. E. 2d, 477).

"A decree for alimony from a sister State, providing for future monthly payments, is such a decree as is enforceable in this State, under the full faith and credit clause of the constitution of the United States, as to such payments as have become due and remain unpaid at the time of the rendition of the judgment in this State, although the foreign court retains jurisdiction for the purpose of modifying the judgment. *Cureton* v. *Cureton*, 132 *Ga.* 745 (2) (65 S. E. 65)." *Roberts* v. *Roberts*, 174 *Ga.* 645 (163 S. E. 735). A judgment from the chancery court of the State of Maryland, in so far as it relates to the matured and unpaid monthly installments of alimony, which according to the petition do not appear to have

been set aside or modified, is a chose in action and constitutes a debt, and an action can be sustained upon it. *Heakes* v. *Heakes,* 157 *Ga.* 863, 867 (122 S. E. 777); *Roberts* v. *Roberts,* supra. The petition in the present case shows that the judgment sued on required the defendant personally to pay the plaintiff the sum of $95 monthly, beginning June 1, 1925, in addition to the sum of $1080, representing an amount ordered by the chancery court of New Jersey, in a former proceeding between the parties, to be paid to the plaintiff. To maintain such a suit it is not necessary to show an authenticated copy of the record of the entire divorce and alimony proceeding, but a prima facie case is made by pleading and proving a properly authenticated copy of the judgment itself. *Little Rock Cooperage Co.* v. *Hodge,* 112 *Ga.* 521 (2) (37 S. E. 743); *Vaughn* v. *Burton,* 113 *Ga.* 103, 105 (38 S. E. 310); *Heakes* v. *Heakes,* supra; *Sullivan* v. *Douglas Gibbons Inc.,* 58 *Ga. App.* 708, 709 (199 S. E. 554). The judgment in the present case is not ambiguous or lacking in definiteness and finality. It specifically provides that the defendant shall pay personally as permanent alimony the sum of $95 monthly from June 1, 1925, and also a further sum of $1080 for reasons stated. While it does not provide for how long such monthly payments shall run, it is not void on this account inasmuch as a proper construction thereof is that such payments are to be made as long as the wife lives or until she remarries or until the judgment is modified by the court. *Fischer* v. *Fischer,* 164 *Ga.* 81, 84 (137 S. E. 821). The present petition does not show that any modification of the judgment has been made by the foreign court, and any contention as to modification would be a matter of defense. The present action is one which in its nature is remedial, and, accordingly, the law as to the time in which it might be brought is the lex fori and not the lex loci, and while it is provided in the Code, § 3-701, that "All suits upon judgments obtained out of this State shall be brought within five years after such judgments shall have been obtained," the statute does not begin to run against monthly alimony payments provided in a foreign judgment until maturity and failure to pay according to the requirements of the judgment. Consequently, in a suit to enforce the payment of past-due installments of monthly alimony recovery may be had for all matured and unpaid installments within a period of five years before the date of the bringing of the action.

*Heakes* v. *Heakes,* supra. The trial court properly ruled that the present action was not barred in respect to recovery of matured and unpaid monthly installments of alimony within the five-year period preceding the date of the filing of the present suit. The petition set forth a cause of action, and the court did not err in its rulings on the demurrers for any reasons assigned in the grounds above mentioned.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*