23432, 23433. BIGGERS v. BIGGERS (two cases).

Quillian, Justice. This is a review of a judgment entered upon a citation for contempt which held the defendant to be in "technical contempt" and provided that he might purge himself of such contempt by the payment of a stated sum of money per month. The petition alleged the defendant was in contempt of court because he wilfully failed and refused to pay certain sums as child support in conformity with a previous judgment.

The facts of the case as adduced upon a hearing are as follows. Pursuant to a settlement between the parties which was incorporated into a divorce decree, the defendant father agreed to pay the plaintiff mother $200 per month for the maintenance, support and education of their daughter. The judgment granting the divorce was entered April 14, 1960. In March of 1961, the child began living with her father and remained with him for 4 years. No legal change of custody was sought until June, 1965, when temporary custody was awarded to the defendant father. During the four-year period, from April, 1961, until June, 1965, while the child was living with her father he did not make any support payments to the mother but instead paid for the child's maintenance

and support, according to his testimony expending "right at $200 a month." The mother made no formal protest or objection to the child living with the father or instituted any legal proceeding to regain physical custody, or indeed of any kind, until she filed the present action seeking to have the father cited for contempt for nonpayment of child support during the 4 years the daughter lived with the father.

The evidence failed to show the defendant was guilty of any act of wilful disobedience and the judgment adjudging him in contempt recited: "this court is unwilling to find that the defendant . . . is guilty of wilful contempt of this court. . . The court is constrained to find that the father is in technical contempt of this court, even though this court is convinced that the father did not wilfully or deliberately flout the authority of this court." *Held*:

1. In the circumstances related, the judgment holding the defendant in contempt and requiring that he pay a stated sum in order to purge himself of contempt is obviously error. The essence of contempt is wilful disobedience of the court's order. *Yancey v. Mills*, 210 Ga. 684 (1) (82 SE2d 505); *Corriher v. McElroy*, 209 Ga. 885 (76 SE2d 782); *Carroll v. Carroll*, 214 Ga. 827 (108 SE2d 278); *Hawkins v. Edge*, 218 Ga. 463 (128 SE2d 493). Since the trial judge found the defendant had not wilfully disobeyed the former decree, there was no basis upon which the defendant could be adjudicated in contempt.

2. Case No. 23432 involves an appeal in the same case from a judgment which was subsequently set aside by the trial judge in the judgment to which an appeal was taken in case No. 23433. Hence, the issues in 23432 are moot.

*Appeal dismissed in Case No. 23432. Judgment reversed in Case No. 23433. All the Justices concur.*

ARGUED APRIL 12, 1966—DECIDED MAY 5, 1966.

*Westmoreland, Hall & Pentecost, M. K. Pentecost, Jr.,* for appellant.

*E. Lewis Hansen, Candler, Cox, McClain & Andrews, W. Edward Andrews,* for appellee.