### 42709.   KELLY v. KELLY.

ARGUED APRIL 4, 1967—DECIDED APRIL 21, 1967—
REHEARING DENIED MAY 5, 1967.

*Wallace, Wallace & Driebe, Charles J. Driebe,* for appellant.
*G. Robert Howard,* for appellee.

JORDAN, Judge. A litigant in the courts of this State relying on the judgment of a sister State in support of or in defense to an action is in general entitled to have such a judgment accorded the same full faith and credit, and no more, as it would receive in the State where rendered, and such a judgment by a court of competent jurisdiction of another State is to this extent conclusive on its merits in the courts of this State. *Dyal v. Dyal,* 65 Ga. App. 359, 364 (16 SE2d 53). The courts of this State must judicially recognize the laws of the several States, as published by authority, without proof, and properly authenticated judicial proceedings of a sister State are entitled to the same full faith and credit as they have by law or usage in the courts of the State from which they are taken. See *Code* §§ 1-401, 38-112, 38-627; U.S. Code, Title 28, § 1738. Accordingly, this court will examine the California decree to determine the extent to which it would be enforced in California with respect to child support payments, in the event a California court had jurisdiction of the matter, in the light of the actions of the Alabama court, and analogous situations as considered by the courts of this State and other jurisdictions. The provisions of a California divorce decree with respect to child custody and support are subject to modification, without any reservation in the decree, but the court modifying the support provisions has no authority to terminate such provisions retroactively. California Civil Code Ann. § 139; Ducharme v. Ducharme, 152 Cal. App. 2d 189 (313 P2d 33). After a father obtains custody from the mother of a child, he is not in contempt of a

support order for refusing to pay the mother a support payment coming due thereafter. Oliver v. Superior Court of Los Angeles County, 197 Cal. App.2d 237 (17 Cal. Rptr. 474). To the same effect, see *Biggers v. Biggers,* 222 Ga. 139 (149 SE2d 98). The Supreme Court of California has recognized the right of the court of any State having jurisdiction over a child to provide for its custody and welfare, even if it has the effect of modifying the provisions of a California decree. Sampsell v. Superior Court, 32 Cal. 2d 763 (197 P2d 739). For recognition of this principle in Georgia, see *Belden v. Strickland,* 218 Ga. 105 (126 SE2d 670); *Locke v. Locke,* 221 Ga. 603, 605 (146 SE2d 273); *Stallings v. Bass,* 204 Ga. 3 (48 SE2d 822); *Milner v. Gatlin,* 139 Ga. 109 (76 SE 860). Also see Starr v. Starr, 121 Cal. App. 2d 633 (263 P2d 675). The Juvenile and Domestic Relations Court of Jefferson County, Alabama, has authority to provide for the custody, control, and protection of dependent children within its jurisdiction. Alabama Code Ann., Title 62, § 291. It would be incongruous to require a father to continue paying the mother for the support of children while he, their custodian, is supporting them. *Northcutt v. Northcutt,* 220 Ga. 245, 247 (138 SE2d 377). To the same effect, see Gainsburg v. Garbarsky, 157 Wash. 537 (7) (289 P 1000), wherein the Supreme Court of Washington sustained the refusal of the lower court to allow child support payments to the mother under an Ohio decree during the period the child was actually in the care, custody, and control of the father, and Porges v. Louis-Dreyfus, 113 NYS2d 86, 94 (280 App. Div. 277), a New York case recognizing a transfer of custody of a son by a French court from the mother to the father as relieving the father of any obligation to pay the mother for the support of the son.

Applying the foregoing principles to the present case, the trial court erred in depriving the father of any defense arising from developments subsequent to the California decree which may have had the effect of relieving him of the obligation of furnishing child support money to the mother in accordance with the California divorce decree, including the actual care, custody, and control of the children by the father as exercised pursuant to the orders of the Alabama court. Therefore, the

enumerated errors as directed to such rulings of the trial court are meritorious.

*Judgment reversed. Pannell, J., concurs. Bell, P. J., concurs in the judgment only.*