44058, 44059.  DUNCAN CLEANERS, INC. et al. v. SHUMAN COMPANY, INC.; and vice versa.

JORDAN, Presiding Judge.  The Shuman Company, Inc., commenced this action against Duncan Cleaners, Inc., and Claude D. Duncan to recover an alleged balance due by the corporate defendant as the lessee from the plaintiff of 100 valet depositories intended for deposit of articles for cleaning under a contract executed in 1966 for a period of 5 years at a rental of $507 per month.  It appears that the individual defendant, "in consideration of the premises, and as an inducement to the Shuman Company to enter into financial arrangements with Duncan Cleaners, Inc." undertook to "guarantee" performance by the corporate defendant, "this obligation on the part of the undersigned to be a primary and not a secondary obligation."  By their answer and counterclaim the defendants asserted a failure of the plaintiff to meet the terms of the contract, and sought to recover the moneys already paid under the contract. The parties submitted evidence to the trial court in the form of answers to interrogatories and affidavits, and moved for summary judgment.  After a hearing the trial judge denied the motions, and certified his rulings for appeal.  The defendants appeal and the plaintiff cross appeals.  *Held:*

1. There is no merit in the contention of the defendant that the plaintiff, a North Carolina corporation not qualified in this State, is not entitled to access to the courts of this State because of the provisions of *Code* § 22-1501, which would give the corporation access to the courts "so long as the same comity is extended in the courts of such other States" on the

premise that the courts of North Carolina would not permit a Georgia corporation not qualified in North Carolina access to the courts there. Despite the affidavit of an attorney for the defendants that he has researched the laws of North Carolina and that under these laws "a foreign corporation cannot, without qualifying to do business in the State of North Carolina, maintain an action" in North Carolina, and the reluctance of the Georgia courts to take judicial notice of the laws of other states without proof (see annotations under the catchword "Laws," *Code* § 38-112) we think it is proper for this court to apply the mandate of *Code* § 38-112 that "the laws . . . of the several States . . . as published by authority . . . shall be judicially recognized without the introduction of proof." See the learned discussion of this issue in *Seaboard A.-L. R. v. Phillips*, 117 Ga. 98 (1) (43 SE 494).

The 1955 Session Laws of North Carolina, as published by authority, disclose that although a foreign corporation which transacts business in North Carolina without qualifying is denied access to the court, transacting business requiring the corporation to qualify in North Carolina is subject to the following statutory exceptions: "(1) Maintaining or defending any action or suit or any administrative or arbitration proceeding, or effecting the settlement thereof or the settlement of claims or disputes. . . (5) Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this State before becoming binding contracts. . . (7) Taking security for or collecting debts due to it or enforcing any rights in property securing the same. (8) Transacting business in interstate commerce. (9) Conducting an isolated transaction completed within a period of six months and not in the course of a number of repeated transactions of like nature." Session Laws of North Carolina, 1955, pp. 1432, 1511, 1512, 1521; North Carolina General Statutes, §§ 55-131b (1), (5), (7-9), 55-154.

Moreover, a state cannot deny access to its courts to a foreign corporation not qualified in the state, if the denial is repugnant to the commerce clause of the United States Constitution. See York Manufacturing Company v. Colley, 247 U. S. 21 (38 SC 430, 62 LE 963, 11 ALR 611). We note that this

limitation, applied by the United States Supreme Court in the cited case, in which a Pennsylvania corporation sought to maintain an action in Texas against residents of that state, is expressly recognized in the North Carolina law, quoted supra.

The facts as disclosed in the record before this court, upon application of the foregoing, do not warrant the conclusion, as a matter of law, that the plaintiff is barred from seeking redress in a Georgia court.

2. Although the written contract, the execution of which is undisputed, contains the stipulation that it "shall be governed and construed in accordance with the laws of the State of North Carolina" the parties rely on Georgia law. Whatever the applicable law in this respect, and if there be any difference in the law of North Carolina and Georgia Law, we do not decide, nor do we decide the extent to which evidence may be admissible to explain the intent of the parties or the meaning of various provisions of the contract, for in the posture presented here, where the plaintiff and the defendants seek the reversal of adverse rulings denying motions for summary judgment, it is incumbent on the complaining party to show the right to such a judgment as a matter of law in the absence of any genuine issue of material fact. See § 56 (c) of the Civil Practice Act, Ga. L. 1966, pp. 609, 660 (*Code Ann.* § 81A-156 (c)).

The plaintiff seeks by its motion to recover, on the basis of the express terms of the written contract, the balance due computed at the rate of $507 per month, plus reasonable attorney fees as provided by the contract, and the defendants seek a return of all of the moneys already paid under the contract, either because of a breach by the plaintiff or because the contract as a whole is unenforceable. While other issues are argued it is apparent from the evidence that the parties did recognize the contract and did attempt to perform under it, that a breach did occur, and that a genuine dispute exists as to the cause of the breach. This dispute is unresolved by the evidence in the record, as well as the actual losses incurred by the innocent party resulting therefrom. Even though the plaintiff claims that 100 depositories were furnished, the largest number furnished shown by the evidence is 88, and there is no showing as to the reasonable value of

attorney fees, and it does not appear conclusively that what was done by the plaintiff is entirely without value, thus entitling the defendants to a return of everything paid to the plaintiff. Disputed issues also appear concerning the performance of other obligations under the contract. In view of this state of the evidence under the record submitted to this court neither the plaintiff nor the defendants are entitled to summary judgment as a matter of law for the amount sought in their motions in the lower court and the lower court properly denied the motions.

*Judgment affirmed on the appeal and the cross appeal. Pannell and Deen, JJ., concur.*

ARGUED NOVEMBER 6, 1968—DECIDED JANUARY 31, 1969.

*Shoob, McLain & Jessee, Marvin H. Shoob,* for appellants.

*Hendon & Henley, J. W. Moulton, Clyde W. Henley,* for appellee.