## 44147. NAPIER v. NAPIER.

DEEN, Judge. 1. A decree for alimony in future monthly instalments granted in a sister State is enforceable in this State as to all sums due and unpaid thereunder upon which recovery is sought, and does not lack the quality of finality because not first reduced to a judgment in the foreign state stating the total accrued amount sought to be recovered. *McLendon v. McLendon,* 66 Ga. App. 156 (1) (17 SE2d 252); *Creaden v. Krogh,* 75 Ga. App. 675 (44 SE2d 136); *Henderson v. Henderson,* 209 Ga. 148 (71 SE2d 210), s. c. 86 Ga. App. 812 (72 SE2d 731). The motion to dismiss was properly overruled.

2. Where the plaintiff's motion for summary judgment is supported by an affidavit setting out factual averments sufficient to authorize recovery, and no counter-affidavit or other evidence is offered by the defendant, the motion should be granted. *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580).

3. Where "there was no good reason for anticipating a reversal of the judgment below, and, consequently, the case must have been brought to this court for the purpose of delay only," a motion as made by the appellee in this case for 10% damages for delay should be granted. *Rahal v. Titus,* 110 Ga. App. 122, 133 (138 SE2d 68) and cit.

*Judgment affirmed with damages. Bell, P. J., and Eberhardt, J., concur.*

ARGUED JANUARY 8, 1969—DECIDED FEBRUARY 4, 1969.

*Paul R. Koehler,* for appellant.

*Westmoreland, Hall & O'Brien, John L. Westmoreland, P. Joseph McGee,* for appellee.