### 26529. CONNELL v. CONNELL.

HAWES, Justice. Where, upon the trial of a citation for contempt brought by the wife against her former husband for failure to pay monthly instalments of alimony awarded to her as a part of a divorce decree for the support of three minor children, it appeared from the stipulation of facts that the defendant had, without the consent of the plaintiff, taken custody of the children who had been awarded by divorce decree to the plaintiff and had retained such custody for a period of approximately 29 months during which time he did not make the support pay-

ments, the judge of the superior court did not err in finding him to be in wilful contempt of court and in providing that he might purge himself of contempt by paying a specific sum each month "beginning March 5, 1971, and continuing until further order of this court." *Kirby v. Johnson,* 188 Ga. 49 (3) (4 SE2d 640); *Torras v. McDonald,* 196 Ga. 347 (2) (26 SE2d 598). Nothing in the judgment and decision of this court in the case of *Biggers v. Biggers,* 222 Ga. 139 (149 SE2d 98), relied upon by the appellant, requires a different result. That case is distinguishable from this case in that there the change of custody, though without the benefit of an order of court, was apparently with the implied, if not explicit, consent of the wife, and the trial court found that the defendant had not wilfully disobeyed the order.

*Judgment affirmed. All the Justices concur.*
SUBMITTED MAY 10, 1971—DECIDED JULY 9, 1971.

*E. Louis Adams,* for appellant.
*Thad Gibson,* for appellee.