48821. RYLE v. RYLE.

ARGUED JANUARY 7, 1974 — DECIDED JANUARY 29, 1974.

*Harland, Cashin, Chambers & Parker, Harry L. Cashin, Jr., Roy M. Sullivan,* for appellant.

*Shoob, McLain & Jessee, M. David Merritt,* for appellee.

CLARK, Judge. This appeal is by defendant, who is the former

husband of plaintiff, from a summary judgment granted the former wife by the State Court of DeKalb County based upon an alimony decree rendered between the parties in another state.

Maxine Ryle filed suit against her former husband, W. W. Ryle, in the State Court of DeKalb County alleging he was indebted to her in the amount of $18,850.89 plus interest on a lump sum judgment for alimony obtained by plaintiff against defendant on June 20, 1972, in the Common Pleas Court of Montgomery County, Ohio. Thereafter, she amended her complaint designating the original petition as Count 1 and presented a new cause of action denominated as Count 2. Therein she averred her former husband was indebted to her in the amount of $25,684.29 on account of a decree and judgment of alimony rendered by the same Ohio court on May 30, 1971. A copy of that decree was attached containing this significant conclusion: "all until further order of the court." That language is absent from the later lump sum judgment dated June 20, 1972, as shown by the copy of the decree attached to the complaint as Exhibit A of Count 1.

Count 2 of the complaint became the subject of a motion for summary judgment by plaintiff which was supported by her affidavit asserting W. W. Ryle failed to pay any sum in response to the Ohio decree for alimony dated May 30, 1971, and that he was indebted to her as of May 9, 1973, for $25,684.29 thereunder.

Defendant's "Motion in Opposition to Plaintiff's Motion for Summary Judgment" contended plaintiff was not entitled to summary adjudication because, under the laws of Ohio, a decree which is subject to further modification by the court is not a judgment upon which the instant action could be based and because that judgment was not entitled to recognition under the full faith and credit clause of the Federal Constitution. In support, W. W. Ryle attached his affidavit that he "personally inspected certain volumes of the Federal Reporter Series and certain volumes of West's Northeastern Reports and that the Ohio law contained therein states that an alimony award is at all times subject to modification by the Ohio courts and is not such a final judgment as would be entitled to be granted full faith and credit by the Georgia Courts."

The trial court granted plaintiff's motion for the amount alleged to be due under Count 2 of the complaint from which defendant has brought this appeal. It should be noted that we are not here concerned with Count 1 based on the lump sum judgment for $18,850.89 dated June 20, 1972.

Enumerated as error are that (1) The lower court was without jurisdiction to entertain plaintiff's action since it was in the nature of a suit for divorce and alimony over which only the superior courts of this state have jurisdiction; (2) the substantive law of the State of Ohio was the subject of dispute between the parties such that a material issue of fact was present and the grant of a summary judgment therefore improper; and (3) the Ohio alimony award on which Count 2 was based was not final under the laws of Ohio and therefore not entitled to full faith and credit in the courts of this state.

■ Although the superior courts of this state have exclusive jurisdiction of cases involving divorce and alimony (Code Ann. § 2-3901) the case at bar constitutes an action for debt, not alimony. "A suit on a foreign judgment for alimony is simply an action on a debt of record (*Little Rock Cooperage Co. v. Hodge,* 112 Ga. 521 (37 SE 743)), and is not one based upon a cause of action for an allowance from the husband for the support of the wife as provided for in the Code, § 30-201 et seq. It is only actions of the latter character and proceedings which are but a continuation of such actions. . . that should be designated as alimony cases." *McLendon v. McLendon,* 192 Ga. 70, 71 (14 SE2d 477); *McLendon v. McLendon,* 66 Ga. App. 156 (17 SE2d 252); *Brown v. Brown,* 24 Ga. App. 512 (101 SE 315). It was therefore proper for plaintiff to invoke the jurisdiction of the State Court of DeKalb County.

■ "As to affidavits, CPA § 56 (e) (Code Ann. § 81A-156 (e)) specifically provides that they shall 'set forth such facts as would be admissible in the evidence.' The same rule applies to depositions, interrogatories, and other evidence submitted on motion for summary judgment under the principle that admissibility of evidence on motion for summary judgment is governed by the rules relating to form and admissibility of evidence generally, so that evidence inadmissible on a hearing of the case would be inadmissible on motion for summary judgment. [Cits.]" *Matthews v. Wilson,* 119 Ga. App. 708, 711 (168 SE2d 864). The testimony of the defendant W. W. Ryle, an osteopath, as to the legal consequence of the case law of the State of Ohio, would be inadmissible upon the trial of this case, without a showing that he is competent to testify as to such matters. There being no such showing of competency, the affidavit is without probative value on the motion for summary judgment.

Objection was properly made to consideration of the affidavit in the court below. See *Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga.

App. 479, 480 (191 SE2d 298). However, defendant's affidavit is not material to the creation of a genuine issue of fact since plaintiff's affidavit fails to controvert defendant's contention, pleaded in opposition to the summary judgment motion, that under Ohio law the action must fail. Thus plaintiff has failed to pierce the pleadings of defendant on this issue[1] and a genuine question of fact has materialized in spite . of the inadequacy of W. W. Ryle's affidavit. A genuine issue of fact being present, the lower court erred in granting plaintiff's motion.

■ "[T]he laws of the United States and of the several States thereof, as published by authority. . . shall be judicially recognized without the introduction of proof." Code Ann. § 38-112. Therefore, we deem it proper to judicially notice and scrutinize the law of Ohio to determine whether plaintiff may pursue her action in this State on the basis of the Ohio judgment. See *Duncan Cleaners v. Shuman Co.,* 119 Ga. App. 128 (166 SE2d 387) wherein this court took judicial notice of the 1955 Session Laws of North Carolina published by authority. See, especially, *Kelly v. Kelly,* 115 Ga. App. 700 (155 SE2d 732) in which this court examined the statutes and case law of California to determine whether a mother may maintain an action in our state under a California divorce decree for child support payable to her.

In Meister v. Day, ·20 Ohio App. 224 (151 NE 786) plaintiff brought suit upon a judgment "of $5 per week until the further order of the court." The Ohio Court of Appeals held that: "By providing that the weekly payments should run until the further order of the court, the court making the order impliedly reserved the power in itself to modify the order. In other words, the court might at any time, in the exercise of a sound discretion, order the payments to cease and convert the order into a judgment for a gross sum of money. In that event the plaintiff could sue on the resulting judgment in any court of competent jurisdiction." P. 226. But unless there was a lump sum judgment". . . plaintiff had no right,

---

[1]See Davis & Shulman, Ga. Practice & Procedure (3d Ed.) § 33-56, n. 222, wherein it is noted: "The purpose of the rule [CPA § 56 (e)] is to permit the trier to pierce formal allegations of facts in pleadings and grant relief by summary judgment when it appears from uncontroverted facts set forth in affidavits, depositions, or admissions on file that there are as a matter of fact no genuine issues for trial. [Cits.]"

as of course, to a money judgment for unpaid alimony on such an order whether in a foreign jurisdiction or in a court of like jurisdiction in another county of this state, or in the court in which the original order was made. . ." P. 227.

The Ohio Court of Appeals ruled similarly in Pace v. Pace, 41 Ohio App. 130, 136 (180 NE 81) wherein it was said: "[I]t is the law of the state, in a suit for alimony alone, that a decree for allowance of alimony in instalments may thereafter be modified not only as to future instalments of alimony, but that such a modification may have a retroactive effect, and that, therefore. . . a decree for alimony in instalments is not a judgment upon which execution may be issued, but is in fact but an allowance which may thereafter be reduced to a decree in gross which may then have the force of a judgment upon which execution may issue. . ."

In Kinney v. Kinney, 196 F2d 587 (D. C. Cir. 1951) the Court of Appeals for the District of Columbia was confronted with a case similar to that sub judice. An Ohio court had ordered a husband to pay his wife $60 per month "until the further order of this court." The wife brought suit in the United States District Court for the District of Columbia for the unpaid balance which she alleged to be due at the date of the commencement of the action. Following the grant of the wife's motion for summary judgment, the husband appealed. While we are not bound to follow the interpretation of Ohio law by the U. S. Court of Appeals, that tribunal's solution is proper.

That court noted the Ohio decisions distinguish between orders awarding alimony alone, and decrees for maintenance coupled with divorce. The opinion observes the reason for this distinction is stated in Gilbert v. Gilbert, 83 Ohio St. 265 (94 NE 421) (later reversed upon other grounds): "'[I]t must be noted that alimony in a suit for alimony alone is different from alimony in a suit where there is a decree for alimony and divorce. In rendering a decree for alimony alone the court necessarily has in view that the marital contract still exists; that the parties are still bound by all its mutual obligations; that they may become reconciled, and that the grounds and the desire for the allowance may be wiped out at any time. A decree in such a case is continually subject to modification, while in rendering a decree for divorce and alimony the court determines the ultimate relation of the parties, and fixes the amount and mode of payment of any money or property allowance to the wife.'" 196 F2d 589. Because the Ohio decree in Kinney was not rendered in conjunction with a divorce, and since it was subject

to the further order of the court, it was not a final order under Ohio law, and therefore the U. S. Circuit Court of Appeals ruled it should not be accorded full faith and credit.

In the case at bar, plaintiff's action is based upon an Ohio alimony decree which was not rendered in connection with an action for divorce.[2] Furthermore, the award was entered expressly subject to the "further order of the court." Under the law of the State of Ohio, therefore, plaintiff's award is modifiable and hence unenforceable in the courts of Ohio unless it is first reduced to a decree in gross. Pace v. Pace, 41 Ohio App. 130, supra. As such, it is not entitled to full faith and credit in the courts of this state. See Sistare v. Sistare, 218 U. S. 1 (30 SC 682, 54 LE 905), wherein the United States Supreme Court said: "[G]enerally speaking, where a decree is rendered for alimony and is made payable in future instalments the right to such instalments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the instalments. . . [T]his general rule, however, does not obtain where by the law of the State in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the instalments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the instalments becoming due." Pp. 16, 17.

Plaintiff's former wife relies principally upon *McLendon v. McLendon*, 66 Ga. App. 156 (17 SE2d 252) and *Napier v. Napier*, 119 Ga. App. 143 (166 SE2d 583) in asserting that this court has previously upheld actions to recover alimony where the decree sued upon was subject to modification. In *Napier* this court held that "A decree for alimony in future monthly instalments granted in a sister State is enforceable in this State as to all sums due and unpaid thereunder upon which recovery is sought, and does not lack the quality of finality because not first reduced to a judgment in the foreign state stating the total accrued amount sought to be

---

[2]The record indicates plaintiff was granted a divorce from defendant by the Ohio Common Pleas Court on November 20, 1972, but Count 2 of plaintiff's complaint is based upon the prior judgment dated May 30, 1971, limited to alimony.

recovered. [Cits.]." This was also the ruling in *McLendon*.

In *McLendon* the plaintiff wife obtained a divorce against P. T. McLendon in the circuit court of Baltimore, Maryland and was awarded the sum of $95 a month as permanent alimony. She subsequently filed an action in Georgia to recover money which she alleged to be due under the Maryland judgment. Among the grounds of defendant's demurrers were the following: (1) The petition showed that the judgment was subject to "modification at any time as to past, present, and future alimony, and is therefore not enforceable in this State." (2) The judgment was lacking in "definiteness and finality." The court ruled: "'A decree for alimony from a sister State, providing for future monthly payments, is such a decree as is enforceable in this State, under the full faith and credit clause of the Constitution of the United States, as to such payments as have become due and remain unpaid at the time of the rendition of the judgment in this State, although the foreign court retains jurisdiction for the purpose of modifying the judgment. *Cureton v. Cureton,* 132 Ga. 745 (2) (65 SE 65).' *Roberts v. Roberts,* 174 Ga. 645 (163 SE 735)."

While plaintiff has accurately propounded the rule of law in both *Napier* and *McLendon,* those cases are not applicable in the case at bar. For although they touched upon enforcement of a modifiable foreign judgment or decree, there was no showing in either case that the foreign judgment could not be enforced in the state in which it was rendered. Sub judice, the judgment sued upon by plaintiff in Count 2 is not enforceable in the State of Ohio. Therefore, in the absence of finality in Ohio, the state where rendered, the foreign judgment is not entitled to full faith and credit in the courts of our state.

Nor do we deem it proper to enforce this decree via comity, since, again, it is not of such finality under the laws of Ohio as to be enforceable in that state.

The United States Court of Appeals noted in Kinney v. Kinney, 196 F2d 587, 590, supra, "So far as appears from the record in this case, and from the Ohio decisions which have been brought to our attention, the wife has but to take a simple step in Ohio to entitle her to maintain this action, and that is to file a petition or motion in her original action for alimony, for reduction of the accrued unpaid instalments to a judgment in gross. . . In these circumstances we see no compelling reason for this court to render a judgment here of greater finality than has been rendered in Ohio, where it is subject to retroactive modification." We agree. To that

we add the record in the instant case discloses in Count 1 plaintiff has in fact reduced her alimony award to lump sum judgment for $18,850.59 dated June 20, 1972, subsequent to the decree dated May 3, 1971, which served as the basis for Count 2.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*