## 48992. LOYD v. LOYD.

QUILLIAN, Judge.
Ida Ruth Loyd brought this action against Olen Ray Loyd, seeking to recover on a judgment rendered in the Circuit Court of Etowah County, Alabama. The Alabama judgment in question found that the defendant was in arrears on alimony payments in the amount of $11,520 and entered judgment in that amount for the present plaintiff. The defendant filed a plea to the jurisdiction alleging that he was a resident of Bartow County and not a resident of the State of Alabama. The case came on for trial and resulted in a verdict being directed in the plaintiff's favor for the full amount sought. Appeal was

taken from that judgment. *Held:*

1. The defendant contends that the Alabama decree need not be enforced because by its own terms it was subject to be revoked or modified. It is true that the original Alabama divorce decree did contain provisions which might indicate that a modification under the decree was possible. However, the decree which the plaintiff seeks to enforce was a final judgment in every sense of the word. It found that the defendant had failed to make alimony payments over a period of time and was indebted to the plaintiff in that amount. Hence, the cases cited by the defendant (*Cureton v. Cureton,* 132 Ga. 745 (65 SE 65); *Ferster v. Ferster,* 219 Ga. 543 (134 SE2d 600)) would not be applicable to the instant situation. See *Napier v. Napier,* 119 Ga. App. 143 (166 SE2d 583); *Lawrence v. Lawrence,* 196 Ga. 204 (26 SE2d 283). Compare *Ryle v. Ryle,* 130 Ga. App. 680 (204 SE2d 339).

2. It is also contended that the Alabama decree should not be enforced since the defendant was not a resident of Alabama at the time of its entry. However, the record which is before us shows that the defendant filed a plea to the jurisdiction in the Alabama case. A motion to dismiss such plea was sustained by the Alabama court. It is therefore apparent that the matter which the defendant now seeks to raise has been decided adversely to him in the Alabama courts and we are required by the Constitution to uphold a valid decree of a sister state on all questions heard or which could have been determined. *Johnson v. Johnson,* 115 Ga. App. 749 (2) (156 SE2d 186); *Tarver v. Jordon,* 225 Ga. 749, 750 (171 SE2d 514). Nothing appearing to the contrary, we must assume the validity of the Alabama judgment. *Heakes v. Heakes,* 157 Ga. 863 (3) (122 SE 777); *Patterson v. Patterson,* 208 Ga. 7 (64 SE2d 441). Hence, the trial judge did not err in directing a verdict in favor of the plaintiff based on the record before him.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED JANUARY 8, 1974 — DECIDED APRIL 2, 1974.

*Grubbs & Platt, J. M. Grubbs, Jr., Adele Platt,* for appellant.

*Jere F. White,* for appellee.