HELEN RICE, Respondent, et al., Plaintiff, v. BANKERS TRUST COMPANY, Appellant.— In a negligence action to recover damages for personal injuries, etc., defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County, entered April 27, 1973, as is in favor of plaintiff Helen Rice, upon a jury verdict of $180,000. Judgment reversed insofar as appealed from, on the law, and, as to plaintiff Helen Rice against defendant, action severed and new trial granted upon the issue of damages only, with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, said plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to $80,000 and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. This court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. In our opinion the verdict was excessive to the extent indicated herein. Gulotta, P. J., Hopkins and Latham, JJ., concur; Martuscello, J., concurs, except as to the amount to which the verdict should be reduced and votes for a reduction to $100,000.

STANLEY B. ROTBERT, Appellant, v. MARLENE S. ROTBERT, Respondent.— In an action in which a judgment was entered granting plaintiff a divorce, he appeals from an order of the Supreme Court, Queens County, entered March 25, 1974, which denied his motion for a downward modification of the alimony and child support provisions of the judgment. Order reversed, without costs, and motion granted to the extent that the alimony award is reduced from $200 per month to $150 per month and the child support award is reduced from $100 per month for each of the two children to $75 per month per child, the over-all reduction being from a total of $400 to $300 per month. The sudden and almost 50% decline in plaintiff's income since the entry of the judgment, due to no fault of his own, constitutes a substantial change of circumstances warranting a reduction in the alimony and child support awards. Hopkins, Acting P. J., Latham, Christ and Shapiro, JJ., concur.

## (February 19, 1975)

EDGAR ALLEYNE, Appellant, v. LOUISE ALLEYNE, Respondent.— On this appeal from so much of a judgment of the Supreme Court, Kings County, dated January 26, 1973, as dismissed appellant's complaint after a nonjury trial, this court made an order on November 12, 1974, (1) remitting the case to Special Term for formulation of findings of fact essential to its decision and (2) stating that the appeal would be held in abeyance in the interim (*Alleyne* v. *Alleyne*, 46 A D 2d 785). Such findings of fact have been made. Judgment affirmed insofar as appealed from, without costs. No opinion. Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.