■ RAMONA T. ROCKWELL, Respondent, v DWIGHT ROCKWELL, Appellant.—Order and judgment (two papers), Supreme Court, New York County, entered on March 24, 1978 and April 14, 1978 respectively; the order having granted plaintiff's motion in this postdivorce proceeding to recover arrears of alimony and child support, obtain a wage assignment and for counsel fees, and directed that a judgment of $9,666.69 be docketed, that a wage assignment issue and defendant pay a counsel fee of $250; and the judgment having adjudged that defendant pay the aforesaid amount of arrears; unanimously reversed, on the facts and the law, without costs or disbursements, and remanded to Special Term for a plenary hearing on all the issues raised by plaintiff's application and a pending application by defendant for an order reducing his obligation for alimony and support on the

ground of a substantial change in the parties' financial circumstances. By show cause order dated December 5, 1977, served on December 7, defendant sought a reduction of alimony and support payments, alleging an increase in the plaintiff's income and a substantial reduction in his income. By show cause order dated December 13, 1977, plaintiff sought the relief that was ultimately granted by Special Term. Plaintiff's motion was returnable on December 20, two days before the return date of defendant's motion. Both were adjourned to January 26, 1978 and marked submitted. Defendant's motion papers were not received by the Special Term Justice who then granted plaintiff's motion without a hearing. Defendant thereupon sought reargument of plaintiff's motion and argument of his motion. Special Term denied this relief indicating defendant's motion would be decided later. Decision on it is still pending. Sections 236 and 240 of the Domestic Relations Law empower a court to modify alimony and child support provisions, applicable when there is a decline in the former husband's ability to pay *(Rotbert v Rotbert,* 47 AD2d 666) and on occasion when there is an increase in the means of the former wife *(Phillips v Phillips,* 1 AD2d 393, affd 2 NY2d 742). Accrued arrears may be modified retroactively *(Wheelock v Wheelock,* 3 AD2d 25, affd 4 NY2d 706). Plaintiff's contention that she is entitled to a judgment for the arrears is therefore tied to defendant's contention that there is a change of circumstances that might warrant retroactive modification. These contentions should be considered together after a full evidentiary hearing. Concur—Evans, J. P., Fein, Sullivan, Lupiano and Lynch, JJ.