## 58220. BUCK v. BUCK.

QUILLIAN, Presiding Judge.

Appeal was taken from a judgment awarding the plaintiff $2,536 for child support for the period from August, 1975 to August, 1976 predicated on a New Jersey divorce decree. *Held:*

"A litigant in the courts of this State relying on the judgment of a sister State in support of or in defense to an action is in general entitled to have such a judgment accorded the same full faith and credit, and no more, as it would receive in the State where rendered, and such a judgment by a court of competent jurisdiction of another State is to this extent conclusive on its merits in the courts of this State." *Kelly v. Kelly,* 115 Ga. App. 700, 701 (155 SE2d 732).

In our consideration of the issues herein involved we have examined thoroughly the New Jersey cases which were cited in the trial court and to this court. In Slep v. Slep, 43 N. J. Super. 538, 542 (129 A2d 317) the following principles are enunciated: "As there is no vested right to recover unpaid arrearages of alimony or maintenance, for it is always within the power of the court to modify its original order with retroactive effect, and thus to reduce the amount of unpaid arrearages or to extinguish same entirely, it follows that the court has authority to decline to make orders facilitating collection of such unpaid

arrearages. In all such matters the court exercises a sound discretion based upon equitable principles." See Tancredi v. Tancredi, 101 N. J. Super. 259 (244 A2d 139) and Biddle v. Biddle, 150 N. J. Super. 185 (375 A2d 285).

Georgia has recognized the maxim that "A decree for alimony in future monthly installments granted in a sister State is enforceable in this State as to all sums due and unpaid thereunder upon which recovery is sought, and does not lack the quality of finality because not first reduced to a judgment in the foreign state stating the total accrued amount sought to be recovered." *Napier v. Napier,* 119 Ga. App. 143 (166 SE2d 583). Accord, *McLendon v. McLendon,* 66 Ga. App. 156 (17 SE2d 252); *Roberts v. Roberts,* 174 Ga. 645 (163 SE 735). Nevertheless, in *Ryle v. Ryle,* 130 Ga. App. 680, 685 (204 SE2d 339) this court cited the Supreme Court decision of Sistare v. Sistare, 218 U. S. 1, 16 (30 SC 682, 54 LE 905) for the proposition "[G]enerally speaking, where a decree is rendered for alimony and is made payable in future installments the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments . . . [T]his general rule, however, does not obtain where by the law of the State in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due."

Since under the New Jersey law as interpreted by the appellate courts of that state the payments involved in this case could have been modified by the New Jersey Court of Chancery retroactively and in its discretion based on equitable principles, it is therefore clear that the judgment herein involved lacked the requisite finality and was not entitled to full faith and credit. Hence, in the absence of a final judgment from the New Jersey courts which could be enforced by the courts of this state it was

error to award payments to the plaintiff.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

SUBMITTED JULY 10, 1979 — DECIDED
SEPTEMBER 14, 1979.

*Charles A. DeVaney,* for appellant.
*David S. Wilkin,* for appellee.