■ In the Matter of H. WALLACE SCHAUER, Respondent, v VIVIAN G. SCHAUER, Appellant. — Appeal from an order of the Family Court of Delaware County (Farley, J.), entered May 27, 1981, which terminated petitioner's alimony payments and forgave alimony arrearage. Because of the closing of his employer's factory, petitioner's employment was terminated on February 2, 1981. After being unemployed for six weeks he acquired another position paying approximately one half of his former salary. At the time of his job dislocation he was under court order to make alimony payments of $160 per week until December 31, 1981, at which time the payments were to cease because the court had apparently previously determined that the former wife should, by then, be self-sufficient. By his own admission, petitioner stopped making the required alimony payments on December 29, 1980, in anticipation of his unemployment, but did not petition to modify his support obligation until February 20, 1981. Following a hearing, the court concluded that the substantial decrease in petitioner's income justified terminating all alimony payments and canceling the arrearage which had accrued since December 29, 1980. An adequate explanation for refusing to continue alimony payments prior to the time petitioner applied for modification has not been furnished. Not only was petitioner employed throughout the entire month of January, 1981, but he realized $19,000 on the sale of his house in early February. Furthermore, a 1980 amendment to section 236 (part A, subd 1) of the Domestic Relations Law forbids annulling of preapplication alimony arrearages unless the defaulting party demonstrates "good cause" for failing to make application to be relieved of the obligation to make such payment prior to the accrual of arrears (see, also, *Standley v Standley*, 83 AD2d 863, 864). Here, "good cause" was not shown. Although the stated reason for the court's decision is petitioner's employment difficulties, he maintains that prior court rulings, none of which are in the record before us, required his former wife to make an attempt to become self-sustaining. While the significant reduction in

earning capacity petitioner suffered would justify a downward modification (*Rotbert v Rotbert,* 47 AD2d 666), the sparse record presented contains insufficient information to enable us to pass on whether complete termination of alimony was warranted. And the information that is in the record, namely that the former spouse is receiving public assistance and claims to be afflicted with disabilities which prevent her from working, does not, at least on its face, lend itself to any such conclusion. In short, the record is such that we cannot finally resolve petitioner's assertion that the wife has the capacity to become self-supporting. Order reversed, on the law and the facts, without costs, and order directed to be entered requiring petitioner to pay all alimony due for the period prior to February 20, 1981; matter remitted to the Family Court of Delaware County for a further hearing at which proof bearing on respondent's ability to be self-sufficient is to be developed. Mahoney, P. J., Sweeney, Yesawich, Jr., Weiss and Levine, JJ., concur.