75608. APPLE v. APPLE.
(367 SE2d 109)

BEASLEY, Judge.

Mrs. Apple brought suit against Mr. Apple to domesticate the parties' 1975 New York divorce decree, as amended in 1975 and 1978, and to attach Mr. Apple for contempt because he was $52,000 in arrears for alimony and child support payments. He moved to dismiss

the complaint because the New York decrees were not final, being subject to retroactive modification, and thus not entitled to full faith and credit and domestication by this State. The trial court denied Mr. Apple's motion, domesticated the New York decrees and set a hearing date on the contempt issues. We granted Mr. Apple's application for interlocutory review and now consider his appeal.

The parties were divorced in July 1975 by a New York decree which awarded custody of two minor children to Mrs. Apple as well as $150 per week alimony and $50 per week for each child. The decree was technically amended in November 1975 and then substantially in March 1978 when the alimony payments were reduced to $75 per week and Mr. Apple was relieved of child support payments as to one of the two children. Upon Mr. Apple's failure to make timely payments of alimony and child support, Mrs. Apple initiated proceedings in New York which reduced the arrearages to money judgments in April 1977 for $2,725, in August 1978 for $15,000, in June 1979 for $675, and in November 1983 for $15,500. These judgments are not part of the record.

In 1984 Mrs. Apple brought an action to domesticate the four money judgments in DeKalb State Court. She then brought the present suit to domesticate the New York divorce decrees in DeKalb Superior Court and dismissed the state court action. Mr. Apple contends that the trial court erred in concluding it had jurisdiction over the enforcement of arrearages under the New York divorce decree prior to its domestication in Georgia and in denying his motion to dismiss.

Final divorce decrees of other states are recognized under the full faith and credit clause. Even those which may be prospectively modified are properly domesticated and enforced in this state under principles of comity. *Williamson v. Williamson*, 247 Ga. 260, 262 (1) (275 SE2d 42) (1981); *Blue v. Blue*, 243 Ga. 22, 23 (252 SE2d 452) (1979). Nevertheless, judgments of other states which may be modified retroactively lack the requisite finality to be entitled to full faith and credit. *Buck v. Buck*, 151 Ga. App. 353, 354 (259 SE2d 736) (1979); *Ryle v. Ryle*, 130 Ga. App. 680, 685 (204 SE2d 339) (1974). See *Tallman v. Tallman*, 161 Ga. App. 447, 448 (287 SE2d 703) (1982). The cited cases follow the principles enunciated in *Sistare v. Sistare*, 218 U. S. 1, 17 (30 SC 682, 54 LE 905) (1910), which held that a judgment loses the protection of the full faith and credit clause "where by the law of the State in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the

installments becoming due."

Traditionally, New York decrees involving alimony and child support were not final. An "alimony and support order was no more than a direction for the payment of sums of money from time to time. in the future." *Bank of Lake Placid v. Rhino*, 444 NYS2d 562, 563 (111 Misc2d 639) (1981). The support awarded in a matrimonial decree did not become a judgment debt enforceable by execution until the award was reduced to a money judgment pursuant to N.Y. Domestic Relations Law § 244, *Gaines v. Gaines*, 487 NYS2d 61, 63 (109 AD2d 866) (1985), because the original decree was subject to retroactive modification in the discretion of the trial court. *Snow v. Snow*, 190 NYS2d 902, 905 (1959); *Rockwell v. Rockwell*, 414 NYS2d 130, 132 (1979). Thus, a judgment for arrearage, not the divorce decree itself, was enforced under D. R. L. § 244 in the "manner provided by law for the collection of money judgments." *Tauber v. Lebow*, 493 NYS2d 1008, 1010 (483 NE2d 1140) (1985) (ruling on statute of limitation modified by legislation effective August 7, 1987).

In 1986, effective August 5, D. R. L. § 244 was amended to provide that child support payments could not be changed retroactively and that, on application, judgment for amounts past due must be entered. As amended, the section was intended to supply summary relief for nonpayment of support. *Werblud v. Werblud*, 515 NYS2d 456, 458 (128 AD2d 194) (1987). No change was made as to alimony, which remained under a two-part test: in response to an application for past due alimony a defendant could seek retroactive downward revision upon a showing 1) of a change of circumstances of the parties warranting a retroactive reduction in the support obligation and 2) "good cause" on the part of the obligated party for the failure to move to reduce the obligation prior to the accrual of arrearages (with emphasis on the necessity of petitioning the court for modification prior to resorting to a "self-help" solution). *Hornok v. Hornok*, 504 NYS2d 660, 662 (121 AD2d 937) (1986). See *Penziner v. Penziner*, 507 NYS2d 45, 47 (123 AD2d 674) (1986).

Yet, either with regard to child support where the imposition is virtually automatic or to alimony where discretion still remains, a judgment must be entered before execution. Under D. R. L. § 245 one must have an order directing payment before attempting enforcement by contempt. Further, under that section contempt does not lie until it appears presumptively that payment cannot be enforced pursuant to sections relating to garnishment and seizure of property, sequestration, or a wage deduction order. "Such a finding by the court and the exhaustion of those other remedies are a prerequisite to a contempt order for violation of an order requiring payments of money in matrimonial actions." *Barreca v. Barreca*, 430 NYS2d 739, 740 (77 AD2d 793) (1980). It is apparent that in New York contempt is not

the readily available remedy that it is in Georgia support actions.

Based on the foregoing cases, our interpretation of the relevant authority in Georgia is that while decrees which are not final in the sense that they may be prospectively modified in the state of origin will be domesticated and enforced in this state, decrees which are susceptible to retrospective amendment and enforcement, while they may be domesticated under principles of comity, are not enforceable in Georgia as to amounts due prior to domestication. Otherwise, we would be giving rights to the parties and powers to the courts not available in the state of origin. "It is fundamental that under the Full Faith and Credit Clause the courts of this State are required to give only such effect to a judgment of a sister State as it would have in that State." *Crisp v. McGill*, 229 Ga. 389, 390 (1) (191 SE2d 836) (1972).

Therefore, while it was not error to domesticate the 1975 and 1978 New York decrees, there was no basis to enforce an action for contempt based on unpaid sums allegedly owed under those decrees because, absent a reduction of the sums owed to judgment, they were not enforceable in New York. Furthermore a determination of the status of the four money judgments was premature since they were not properly before the court and their domestication was not sought by Mrs. Apple.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Sognier, J., concur.*

DECIDED MARCH 11, 1988.

*Janet Litt*, for appellant.
*Matthew S. Cornick*, for appellee.